# MANHATTAN HARDWARE CO. v. C. F. ROLAND.

### ERROR TO THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 8, 1889—Decided October 7, 1889.

(*a*) The mortgage of a manufacturing corporation organized under the act of April 29, 1874, P. L. 73, recited that it was executed in accordance with a resolution passed at a stockholders' meeting of a prior date, duly entered upon the minutes of said corporation:

1. An affidavit of defence to a scire facias on said mortgage, averring that the money for which it was given was borrowed by the president without authority, that it was not authorized at a stockholders' meeting, and that less than half the amount thereof ever came into the company's treasury, was insufficient to prevent summary judgment.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 317 January Term 1889, Sup. Ct. ; court below, number and term not given.

On September 29, 1887, Cornelius F. Roland issued a scire facias upon a mortgage for $15,000 executed by the Manhattan Hardware Company to the plaintiff, reciting :

"This indenture, made the sixth day of February, in the year of our Lord one thousand eight hundred and eighty-six, between the Manhattan Hardware Company, a corporation of the state of Pennsylvania under the act of April 29, 1874 (in accordance with a resolution passed at a meeting of the stockholders of said corporation, held at Reading on September 26, 1885, and duly entered upon the minutes of said corporation), of the first part, and Cornelius F. Roland, of the same place, of the second part."

On October 10, 1887, James Nolan, receiver of defendant company, filed an affidavit of defence in which it was averred: ·

"The money for which the said mortgage was given was borrowed by D. H. Fitzgerald, president of the said Manhattan Hardware Company, and the said bond and mortgage were executed by him, and delivered to the said plaintiff, without any previous meeting held, resolution passed or action taken thereupon by the stockholders or the board of directors of the said company, and not more than the sum of $6,058.42 of the money so borrowed ever came into the treasury of the said corporation.  No meeting of the stockholders of the said corporation was at any time called by a resolution of the board of directors, to vote for or against the borrowing of the said sum of money and the giving of the said bond and mortgage.  Nor was any notice of the time, place and object of any such meeting published once a week for sixty days prior thereto in at least one newspaper published in the county aforesaid, being the city wherein the chief office and place of business of the said corporation was and is situate, nor was any meeting of stockholders at any time held at the chief office or place of business of the said corporation or elsewhere for the purpose of taking an election of such stockholders for or against the increase of indebtedness, which would result from such bor-

rowing and giving of bond and mortgage, wherefore the deponent is advised and avers that the said borrowing and the giving of the said bond and mortgage were and are void and of no effect, and did not and do not create any liability whatsoever on the part of the said corporation."

A supplemental affidavit of defence averred that,

" The said money was so borrowed for the purpose of using it in the construction of a new building, the purchasing of new machinery and the removing of the manufactory from the property upon which it was theretofore located, into the new building aforesaid; and the giving of the said bond and mortgage was an increase of the indebtedness of the corporation, and the said money was borrowed and the said bond and mortgage were given by the president of the said company without any previous action taken thereon by the stockholders or board of directors, and without authority from the same."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, ERMENTROUT, J., on January 26, 1889, filed an opinion, citing Peck v. Jones, 70 Pa. 83; Blackburn v. Ormsby, 41 Pa. 97; Cumberland B. & L. Ass'n v. Brown, 4 W. N. 494, and holding

1. That in the absence of fraud, collusion or knowledge of their falsity upon the part of the mortgagee, none of which are alleged, the facts set out in the mortgage, under the seal of the corporation and oath of their president, are to be taken as verity, and that the corporation, stockholders and receiver are estopped from denying them in this proceeding.

2. That authority to mortgage is, therefore, shown to exist.

3. That the loan was made for the corporation, the moneys therefor received and used by them, and whether authorized or unauthorized, the mortgage should be sustained.   " To disaffirm it now, when every opportunity of obtaining any other security is lost, would be unconscionable : " Gordon v. Preston, 1 W. 385.

The rule for judgment was accordingly made absolute, and judgment entered for the plaintiff for $17,795.66.   Thereupon the receiver was given leave to purchase a writ of error, and took this writ, assigning as error the order making the rule for judgment absolute.

*Mr. Cyrus G. Derr*, for the plaintiff in error.

*Mr. Horace Roland*, for the defendant in error.

OPINION, MR. JUSTICE McCOLLUM:

What was said in Manhattan Hardware Company v. Phalen, decided at this term [ante, p. 110], is applicable to this case, and need not be repeated.

In February, 1886, Roland, in good faith, loaned to the Manhattan Hardware Company $15,000 upon bond and mortgage. The mortgage was duly executed under the seal of the corporation, and was promptly recorded. It recites a resolution, which appears on the minutes of the corporation, authorizing it. The money secured by it was received by the company and used for its benefit. It is not alleged that any stockholder was ignorant of these transactions, or protested against them. The corporation cannot deny the accuracy of its own minutes, as against a party who loaned it money on the faith of them. The stockholders cannot now dispute the loan on the ground that it was not preceded by a formal meeting and vote authorizing it. They have ratified it by their acquiescence. There is nothing in the affidavit of defence which gives the creditors a standing to contest the mortgage. It follows that the judgment should be affirmed.

Judgment affirmed.