## In re RELIANCE STORAGE & WAREHOUSE CO.

(District Court, E. D. Pennsylvania.   April 3, 1900.)

No. 382.

1. BANKRUPTCY—COSTS AND EXPENSES—RE-EXAMINATION OF CLAIM.
   General Order No. 21, par. 6 (32 C. C. A. xxiii., 89 Fed. x.), in bankruptcy, regulating the procedure for the "re-examination of any claim filed against the bankrupt's estate," applies to claims against the bankrupt that were in existence at the commencement of the proceedings, but not to claims against the estate for expenses of administration, such as the charges and expenses shown on the account of a receiver appointed to take charge of the bankrupt estate.

2. SAME—PRACTICE.
   A creditor who desires to object to the charges and expenses appearing on the account filed by a receiver in bankruptcy should promptly file exceptions to such account with the referee, and may bring the matter before the court by petition for review of the decision of the referee on the questions thus raised.

In Bankruptcy.   On review of decision of referee in bankruptcy refusing a motion for the re-examination of a claim.

John W. Best, for objecting creditors.
Furth & Singer, for receiver.

McPHERSON, District Judge.   I think the objecting creditors have misunderstood the scope of rule 21, par. 6 (32 C. C. A. xxiii., 89 Fed. x.).   That paragraph refers to claims against the bankrupt that were in existence when the petition was filed, and not to claims against the estate for expenses of administration, such as the objecting creditors now seek to draw into controversy.   These expenses appear upon the receiver's account, which was filed with the referee, and was examined upon February 6th by the creditors, including those now objecting.   No complaint was made by any one until March 6th, when a motion to re-examine under rule 21 was made.   This was properly refused by the referee.   The motion was inappropriate.   If the receiver's account afforded ground for dissatisfaction, exceptions should have been promptly filed; and, after the questions thus raised had been determined by the referee, any person in interest could have brought the matter to the attention of the court.   After an account has been approved by the referee without objection, and a further period of acquiescence has elapsed, some good reason ought to appear for permitting objections to be made that are no longer in proper season.

With regard to the fees of the receiver, who has since been appointed trustee, I note the agreement to make no further charge; and, from what I am able to gather of the services rendered by

counsel, I suppose that the agreement is likely to extend **to his fees** also.

The action of the referee in refusing the petition to re-examine is approved.