HARLAN D. MORGAN, Appellant, *v.* BON BON COMPANY, INC., Respondent.

**Stock corporation — agreement made by organizers of corporation before formation thereof to pay for services to be performed to satisfaction of corporation — when enforcement of contract not prohibited by statute (Stock Corporation Law, § 55) — refusal of corporation to perform agreement by delivery of stock — damages based upon value of stock at time cause of action accrued.**

1. Four men made a contract for the organization of a corporation, and at or before that time one of the four in substance proposed that appellant should be employed to lay out and put into operation a system of bookkeeping for the corporation thus to be organized. The result of this proposition was that there was added to the principal agreement a supplementary paragraph which provided that after certain other obligations were discharged, there should be issued to appellant twenty-five shares of the stock of the proposed company, in payment of the amounts to become due to him for services to be rendered to the company, to its satisfaction. On the day after this agreement was executed, the corporation, the respondent herein, was organized, all of its stock then issued being issued to the four organizers who for the term of at least a year were its directors and officers. After the corporation was organized the appellant performed for it the services above indicated and this was done with the knowledge and apparent approval of the officers of the corporation who as organizers had made the contract with him, and were fully cognizant of the terms thereof. These services were continued until the appellant was advised that no more were needed, and, the corporation having refused to deliver to him the shares of stock provided by the contract, this action was brought wherein damages were recovered for such failure on a valuation of much more than the par value of the stock. While the complaint does not in terms allege that the corporation adopted and became bound by the terms of the contract made by its organizers with appellant, it does set forth the facts upon which this conclusion and claim can be predicated. Moreover, all of the facts entering into the controversy between the parties were admitted or proven without any objection that evidence thereof was inadmissible under the complaint, and the evidence thus admitted permitted the jury to find that the corporation had adopted the

contract made by its organizers with the appellant and had become bound by the terms thereof.

2. The contract provided for the rendition of services by the appellant and for the payment therefor by stock after such services had been rendered for the company " to its satisfaction." There was no claim by the appellant to any stock or payment until after his services had been completed. Hence, the contract is not subject to the prohibition of section 55 of the Stock Corporation Law (Cons. Laws, ch. 59) which says: " No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation."

3. It was permissible for the corporation either by an original contract or by adoption of one which had already been made to agree with the opposite party on what should be deemed to be fair compensation in stock for the services to be rendered, and this contract is not to be avoided because the final result in respect to values has gone to the disadvantage rather than to the advantage of the corporation.

*Morgan* v. *Bon Bon Co., Inc.,* 165 App. Div. 89, reversed.

(Argued November 2, 1917; decided November 27, 1917.)

APPEAL from a judgment, entered February 15, 1915, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edwin D. Webb* for appellant. The agreement sued on was made by the organizers of the defendant in behalf of the corporation which had power after organization to adopt it. (Morawetz on Priv. Corp. [2d ed.] § 549; Cook on Corp. 2214, § 707; *Pittsburgh, etc., Co.* v. *Quintrell,* 91 Tenn. 693; *Hastings* v. *B. L. I. Co.,* 138 N. Y. 473; *Bonmer* v. *A. S., etc., Co.,* 81 N. Y. 468; *Burden* v. *Burden,* 8 App. Div. 160; 159 N. Y. 287; *Mesinger* v. *Mesinger B. S. Co.,* 44 App. Div. 26; *Oakes* v. *Cattaraugus Co.,* 143 N. Y. 430; *Rogers* v. *N. Y. & T. L. Co.,* 134 N. Y.

197.) The complaint sufficiently pleads that the contract was made on behalf of the defendant and was adopted by it. (*Farron v. Sherwood*, 17 N. Y. 227; *Publishing Co. v. Steamship Co.*, 148 N. Y. 39; *Hemingway v. Poucher*, 98 N. Y. 281; *Moffatt v. Fulton*, 132 N. Y. 507.) The Stock Corporation Law (§ 55) has nothing to do with the case. Under no possible construction of this agreement would plaintiff be entitled to stock until he had actually rendered the contemplated services. Nor did plaintiff demand any stock until after his "labor" was "done." Nor is it material whether the services rendered were actually worth the par value of the stock. (*Christensen v. Eno*, 106 N. Y. 97; *Southworth v. Morgan*, 206 N. Y. 293; *H. R. R. R. Co. v. Hanfield*, 36 App. Div. 605; *Van Cott v. Van Brunt*, 82 N. Y. 535; *Bostwick v. Young*, 118 App. Div. 490; 194 N. Y. 516; *Pocantico Water Works v. Low*, 20 Misc. Rep. 484; *Kent v. Quicksilver Mining Co.*, 78 N. Y. 187; *Whitney Arms Co. v. Barlow*, 63 N. Y. 62; *Bowers v. Ocean Acc. & G. Corp.*, 110 App. Div. 691; 187 N. Y. 561; *Drake v. N. Y. Suburban Water Co.*, 26 App. Div. 499.)

*William L. Marshall* for respondent. Under the special contract upon which plaintiff relied, plaintiff was bound to prove either that the defendant, by appropriate proceedings, had appraised the value of his services at not less than par value of the stock claimed by him and had authorized the issue of such stock to plaintiff, or that plaintiff's services were, as a matter of fact, of the value of $2,500, the par value of the stock claimed by him, and that defendant had unreasonably refused to so appraise the value of plaintiff's services and to deliver the stock to plaintiff. (L. 1890, ch. 564, § 42, amd. L. 1892, ch. 688; L. 1901, ch. 354.)

HISCOCK, Ch. J. The appellant recovered a judgment against the respondent because the latter refused to

deliver to him certain shares of its capital stock in payment for services rendered in accordance with the terms of a contract made between the appellant and the organizers of the respondent, and the obligations of which contract it is claimed the latter had assumed. To the reasons assigned for the reversal of the judgment by the Appellate Division others are now added in the argument made by the respondent for the affirmance of such judgment and all of these will be briefly considered after a statement of the essential facts.

Four men made a contract for the organization of the respondent whereby, amongst other things, loans by one of the number to the corporation were provided for. At or before the time when this agreement was executed, one of the four in substance proposed that appellant should be employed to lay out and put into operation a system of bookkeeping for the corporation thus to be organized. The result of this proposition was that there was added to the principal agreement a supplementary paragraph, which is the important one in this litigation, and whereby it was provided: " It is understood between the undersigned, organizers of the Bon Bon Company, that after the company shall have repaid to A. Maynard Lyon all the advances that he shall make to said company, and its other debts, there shall be issued to George W. Felter Seventy-five shares of the stock of said company, and to Harlan D. Morgan twenty-five shares of the stock of said company, in payment of the amounts to become due to them from said company for services to be rendered by them to the company, to its satisfaction."

On the day this agreement was executed the respondent corporation was organized, all of its stock then issued being issued to the four organizers who for the term of at least a year were its directors and officers. After the corporation was organized the appellant performed for it the services above indicated and this was done

with the knowledge and apparent approval of the officers of the corporation who as organizers had made the contract with him, and were, of course, fully cognizant of the terms thereof. These services were continued until the appellant was advised that no more were needed and after a lapse of considerable time, the respondent having refused to deliver to him the shares of stock provided by the contract, this action was brought wherein damages were recovered for such failure on a valuation of much more than the par value of the stock.

It is urged in behalf of the respondent that the complaint does not sufficiently allege any adoption by the corporation of the terms and obligations of the contract made by the men who organized it with the appellant; that there was no evidence of any action by the respondent which resulted in the adoption of the contract and in imposing upon it the obligation to carry out the terms thereof; that the contract provided for the issue of stock with which to pay for services to be rendered in the future and that this was unlawful; that the contract even though otherwise binding was invalidated by the fact that the services performed by appellant were worth much less than the par value of the stock agreed to be issued in payment therefor. We do not think that any of these defensive contentions can be sustained.

While it is true that the complaint does not in terms allege that the respondent adopted and became bound by the terms of the contract made by its organizers with appellant, we think that it does set forth fairly well the facts upon which this conclusion and claim can be predicated. Moreover, as a material justification for this interpretation it is to be noted that all of the facts entering into the controversy between the parties were admitted or proven without any objection that evidence thereof was inadmissible under the complaint.

We think that the evidence thus admitted did permit

the jury to find that the respondent had adopted the contract made by its organizers with the appellant and had become bounden by the terms thereof. These organizers became the corporation. The contract was made in view of the organization of the respondent and for its benefit. With the knowledge and approval of the men who organized the corporation and then became its stockholders and officers, the appellant was permitted to perform the services which had been contracted for, and the corporation chargeable through its officers with full knowledge of the contract under which these services were being rendered, received the benefit thereof. It is well established that a corporation which under such circumstances takes the benefits of a contract may be held to have adopted and assumed also its obligations. (Morawetz on Private Corporations [2d ed.], § 549; Cook on Corporations, § 707; *Bommer* v. *Am. Spiral Spring B. H. Mfg. Co.,* 81 N. Y. 468, 473; *Burden* v. *Burden,* 8 App. Div. 160, 167; affd., 159 N. Y. 287; *Oakes* v. *Cattaraugus Water Co.,* 143 N. Y. 430; *Rogers* v. *N. Y. & Texas Land Co.,* 134 id. 197, 211; *Shaffer* v. *Mohawk Valley Br. Corpn.,* 221 N. Y. 697.)

The Appellate Division in reversing the judgment of the trial court especially relied upon the view that the contract with appellant provided for the issue to him of stock in advance of the services to be rendered and that the corporation had no power to make or adopt a contract to issue its stock for services to be rendered in the future, the prohibition against so doing being found in that provision of the Stock Corporation Law (Cons. Laws, ch. 59) (§ 55), which says: " No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation." Our interpretation of the contract eliminates the objection thus urged for we do not think that it provided for the issue to appel-

lant of stock in payment for services thereafter to be rendered by him. The contract seems to us to provide for the rendition of services by appellant and for the payment therefor by stock after such services had been rendered for the company " to its satisfaction." Of course the contract looked to the future rendition of services as it naturally would, but it did not look to the payment by an issue of stock in advance of the services. This interpretation by us is in accordance with the practical construction placed by the parties on the contract. There was no claim by the appellant to any stock or payment until after his services had been completed.

Lastly, we are not aware of any law which sustains the proposition that an honest, *bona fide* contract made by a corporation to pay for services with a certain amount of stock, is rendered illegal because it could be found in the end that the value of the services was less than the par value of the stock. In this particular case the receipt by the appellant of any stock was subject to the payment in full of debts by the corporation which latter event might never happen. The actual value of the stock as distinguished from its par value was subject to the contingencies which attend the launching of any new enterprise and it might very well have turned out that the actual value of the stock would be much less than the services were worth. Under such circumstances we think it was permissible for the corporation either by an original contract or by adoption of one which had already been made to agree with the opposite party on what should be deemed to be fair compensation in stock for the services to be rendered and that this contract is not to be avoided because the final result in respect to values has gone to the disadvantage rather than to the advantage of the corporation.

We think that the judgment of the Appellate Division

should be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

McLAUGHLIN, J. (dissenting).   I am unable to concur in the opinion of the chief judge that the judgment here appealed from should be reversed.   The agreement upon which the liability of the defendant is predicated is, upon its face, one between the organizers of the defendant and no one else.   It in no way purports to bind the corporation or to have been executed on its behalf.   The only reference to the plaintiff is that after the corporation shall have repaid Lyon for the money loaned by him to it, and paid its other debts, there shall be issued to the plaintiff twenty-five shares of stock " for services to be rendered."   The agreement was executed prior to the organization of the defendant and on the very day it was entered into all of the stock was issued to the organizers and by them put up as collateral to secure the payment of the money advanced by Lyon.   After the corporation was organized the plaintiff installed a system of bookkeeping and opened a set of books for it. These were the services which he performed and for which it is claimed he has a right to recover under the agreement, on the theory that the corporation adopted such agreement because the organizers constituted the board of directors or officers of the corporation during the time the services were rendered.   This is the only evidence there is bearing upon the question of adoption. There is nothing to show corporate action of any kind other than that the organizers of the corporation acted in the capacity referred to.

The action is upon the agreement, not to recover for the value of the services rendered, and before such action can be maintained something more, I think, must be shown.   Allegations to the effect that the persons executing the agreement organized the corporation, that

one of their number thereafter loaned money to it, that all of them became officers or directors, and acted as such during the time the services were rendered, seem to me quite insufficient to warrant a finding that the corporation adopted the agreement and thereby became bound by it. Obviously, an agreement between the organizers of a corporation, to the effect that after the organization is completed the stock shall be issued in a certain way, is not binding upon the corporation. Once the corporation is organized the statute states for what the stock may be issued. (Stock Corp. Law, chap. 564, Laws of 1890, as amended by chap. 354, Laws of 1901; Cons. Laws, ch. 59, § 55.) The language is: " No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation." When the agreement referred to was made, the corporation was not organized; the services had not been rendered; and the fact that services were thereafter rendered, of which the corporation had the benefit, obligated it, in my opinion, to do, not what the agreement provided (deliver to plaintiff twenty-five shares of its stock), but to pay him what his services were worth.

It is not difficult to imagine if the plaintiff here can recover from the corporation twenty-five shares of its stock, how easily the provisions of the statute above quoted can be evaded. Assume that the promoters, instead of agreeing among themselves to give the plaintiff twenty-five shares for services to be rendered by him, had agreed to give him substantially all of the stock for the same services. What would there have been left after the agreement had been carried out by the corporation? It would have adopted a system of book-keeping and opened a set of books, and had an empty treasury. Not only this, but the plaintiff, his action being predicated upon the agreement, must have known

when the services were rendered by him that the corporation having issued all of its stock could not deliver to him · the twenty-five shares which the organizers had agreed to.

For these reasons, as well as those given in the prevailing opinion of the Appellate Division, I dissent and vote to affirm the judgment appealed from.

COLLIN, CUDDEBACK, HOGAN, POUND and ANDREWS, JJ., concur with HISCOCK, Ch. J.; McLAUGHLIN, J., dissents in opinion.

Judgment reversed, etc.