CHARLES L. McGRATTY and EDWARD J. McGRATTY, Respondents, *v.* KRANTZ MANUFACTURING CO., INC., and Others, Appellants, Impleaded with DAVID H. SMITH, Individually and as One of the Surviving Members of the Committee of the Creditors of H. KRANTZ MANUFACTURING COMPANY, Defendant.

*Second Department, May 10, 1918.*

Pleading — action to compel delivery of notes due to creditors from reorganized corporation — complaint stating cause in equity — demurrer overruled — complaint stating single cause of action — liability of reorganization committee — acceptance of benefits by corporation — when demand futile and unnecessary.

Where the plaintiffs and other creditors of an insolvent corporation assigned their claims to a committee which reorganized the corporation by forming a new corporation to which said claims of creditors were transferred upon the condition that notes of the new corporation were to be made and delivered to the respective creditors, a complaint alleging the facts aforesaid and in addition that the committee on demand have failed to deliver said notes and asking as equitable relief that they be required to do so, states but a single cause of action for a single wrong, namely, the failure to deliver the notes to the plaintiff.

Where the complaint alleges that the committee failed to execute the trust to obtain and deliver the notes it states a cause against the committee as trustees.

The new corporation itself is liable where it accepted the benefit of the scheme aforesaid.

Said complaint is not demurrable upon the ground of lack of demand upon the committee and a refusal where the facts alleged are sufficient to show that a demand would be futile and unnecessary.

A suit in equity lies to compel the delivery of said notes.

SEPARATE APPEALS by the defendants, Krantz Manufacturing Co., Inc., and Franklin E. Weaver and William E. Rice, individually and as surviving members of the committee of the creditors of H. Krantz Manufacturing Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 11th day of March, 1918, directing judgment for the plaintiffs on the pleadings and overruling demurrers to the complaint.

*Joseph Steven Frank,* for the appellants.

*Hugo Hirsh* [*Emanuel Newman* and *Benjamin Reass* with him on the brief], for the respondents.

JENKS, P. J.:

To carry out a scheme of reorganization through a committee to whom the plaintiffs and other creditors had assigned absolutely theretofore their respective claims against the Krantz Manufacturing Company, under which scheme the committee reorganized that corporation, lifted it out of bankruptcy and transferred the said claims to the new corporation, notes of the new corporation were to be made and delivered to the respective creditors. The plaintiffs complain that the notes, although demanded and due, have never been delivered, and sue the persons who composed the committee, individually and as members of that committee, and the new corporation, to compel the delivery of the notes that represent plaintiffs' former claim and for other equitable relief. The defendants demurred separately, in that causes of action are improperly united and that sufficient facts are not stated against the defendants individually or as committeemen, or as against the corporation defendant.

The first ground of the demurrer rests upon disintegration of each step in the reorganization scheme from the appointment of the committee to the end of the scheme, and segregation of the relations between each creditor and the committee. But the facts alleged show one primary right, namely, the receipt of the notes, and one wrong done, namely, the failure to deliver them to the plaintiff. (*Rogers* v. *Wheeler,* 89 App. Div. 435, and cases cited.)

If, as the demurrants assert, the committeemen are to be regarded as trustees, there is an allegation directly against them in that it is pleaded they failed in the execution of the trust and neglected to obtain for, or cause to be executed or delivered to, the plaintiffs the said notes.

The pleading shows that the new corporation accepted the benefit of the scheme within the principle of *Morgan* v. *Bon Bon Co.* (222 N. Y. 27).

It is also argued that the complaint is bad in that there is

no plea of demand made upon the committee, and refusal. If such a step were requisite in this action, the facts alleged are sufficient to show that a demand would be " futile and unnecessary." (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 56–59.) For the complaint shows that the committee, in execution of the scheme, undertook that the new corporation which it caused to be organized would execute and deliver the said notes, but that the committee and the individuals thereof failed and were neglectful in such undertaking. We, therefore, may infer that a demand would be a vain thing.

I think that the action lies (*Field* v. *Lord Donoughmore*, 2 Dr. & Wal. 630; *Clarke* v. *White*, 12 Pet. 178), and that a court of equity can afford all the relief asked by the plaintiff. (*Satterlee* v. *Kobbe*, 173 N. Y. 97.)

The orders are affirmed, with $10 costs and disbursements.

THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements.