### In re SUPER TRADING CO., Inc.

### BOYD v. MICHAEL.

Circuit Court of Appeals, Second Circuit.
November 14, 1927.

No. 22.

1. **Bankruptcy ⊚═342—Statute authorizing reconsideration of allowed claims held merely procedural, and not to authorize allowance of claims on equitable grounds (Bankruptcy Act, § 57k [11 USCA § 93]).**

Bankruptcy Act, § 57k (11 USCA § 93), providing that claims in bankruptcy which have been allowed may be reconsidered for cause, and reallowed or rejected in whole or in part, according to the equities of the case, before the estate has been closed, is merely procedural, and does not authorize allowance of claims on ground of equitable considerations.

2. **Bankruptcy ⊚═314(1)—To be provable against bankrupt corporation, claim for money loaned to sole stockholder must be debt of corporation within statute (Bankruptcy Act, § 63 [11 USCA § 103]).**

Claim for money loaned to sole stockholder of bankrupt corporation before organization of corporation to enable him to carry out terms of composition, in order to be provable against bankrupt estate, must be a debt of the bankrupt corporation, within Bankruptcy Act, § 63 (11 USCA § 103), which provides the exclusive definition of provable debts.

3. **Bankruptcy ⊚═314(1)—Loan to promoter, to enable corporation organized under composition to carry out composition, held "provable debt" of corporation (Bankruptcy Act, § 63 [11 USCA § 103]).**

Where claimant loaned money to S., to enable him to carry out composition in bankruptcy proceedings against S., under terms of which S. was required to form corporation to take over the assets released from bankruptcy by the composition, and corporation, when formed, obtained the assets as result of the loan, evidenced by its note, *held*, that claim constituted a "provable debt" of corporation, of which S. was president, treasurer, and sole stockholder, within Bankruptcy Act, § 63 (11 USCA § 103), under

general principles applicable to promoter's contracts, notwithstanding note was signed by S. as treasurer, and not as president, of corporation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Provable Debt.]

**4. Corporations** ⚖️448(2)—**Promoter's contracts on behalf of corporation may be adopted by corporation after its creation.**

Contracts entered into with promoter of a corporation thereafter to be created, with the intention that corporation, when formed, shall be bound thereby, may subsequently be adopted by the corporation, and it is not essential that the adoption be by formal resolution of directors, but agent or officer, who has power to make contracts for a particular purpose, can adopt one made by himself as promoter in anticipation of what subsequently occurred.

**5. Corporations** ⚖️428(9)—**Knowledge of promoters, subsequently becoming directors and shareholders, is knowledge of corporation.**

The knowledge of promoters of a corporation, who subsequently become directors and shareholders, is the knowledge of the corporation that the benefits received under an agreement made by promoters on behalf of corporation were to be accepted by corporation with the burdens imposed by it.

**6. Corporations** ⚖️428(6)—**Knowledge of president, treasurer, and sole stockholder is imputable to corporation.**

Knowledge of promoter's agreement by one who is president, treasurer, and sole stockholder of corporation is imputable to corporation.

**7. Bankruptcy** ⚖️312—**That claimant, who made loan to enable corporate bankrupt to take over promoter's assets under composition, signed minutes authorizing purchase, held not to estop him from asserting corporation adopted promoter's contract.**

That claimant, who loaned money to promoter of corporation organized to take over promoter's assets released from bankruptcy by composition, as secretary, signed minutes of meetings at which purchase of assets and assumption of composition notes were authorized, which minutes did not recite assets were unincumbered, nor that there was no outstanding obligation incurred by promoter on behalf of corporation, *held* not to estop claimant from claiming that corporation adopted promoter's contract, even if minutes implied that assets were unincumbered, in absence of showing that creditors of corporation, which subsequently became bankrupt, acted in reliance thereon.

**8. Estoppel** ⚖️58—**Estoppel can be asserted only by one acting to his prejudice on false statement.**

Estoppel can be asserted only by one who has acted to his prejudice in reliance on a falsely stated fact.

Appeal from the District Court of the United States for the Southern District of New York.

22 F.(2d)—31

In the matter of the Super Trading Company, Inc., bankrupt. From an order confirming an order of the referee in bankruptcy, allowing the claim of Edward H. Michael and dismissing the petition of Melville Boyd, as trustee in bankruptcy, that the claim be expunged, said trustee in bankruptcy appeals. Affirmed.

Michael's claim was for $28,016.66, the principal item thereof being a loan of $26,-424.86, made on February 17, 1925, plus 6 per cent. interest thereon. The remaining items were four small bills for merchandise, totaling only about $200. The trustee's objections were directed solely to the loan item and interest thereon.

In December, 1924, a petition in bankruptcy was filed against Charles W. Salomon. In this proceeding he made an offer of composition, which was confirmed by the court. The precise terms of the composition do not appear, further than that some (not stated) percentage was to be paid in cash, and 15 per cent. in notes of a corporation to be organized by Salomon to take over the assets, which were to be released from bankruptcy by the composition. In order to obtain the required cash, he borrowed from Michael in February, 1925, giving him a receipt in the following form:

"New York, February 17, 1925.

"Received this day from Chas. E. Michael & Son a check for $26,424.86, for which I am to give him a note of the corporation that I am going to form with the assets of Chas. W. Salomon. Note to be payable on demand.

"Chas. W. Salomon."

In April, 1925, Salomon caused the Super Trading Company, Inc., to be incorporated. The minutes of the first meeting of the incorporators contain a resolution which, after reciting that Salomon has offered to sell to the corporation "four stores, together with all their contents," in return for the issuance to him of all its capital stock, approves the offer, and recommends that the board of directors accept it. On the same day the directors voted to accept the offer, and authorized the officers to issue the shares to Salomon, and to "assume liability on notes amounting to 15 per cent. which is part of a composition of" said Salomon. Michael signed the minutes of both meetings as secretary.

The Salomon composition was carried out, the creditors receiving a cash dividend and notes which were signed in the name of "Super Trading Company, Inc., Charles W. Salomon, Treas." The assets of Salomon re-

leased from bankruptcy by his composition were thereafter turned over to the corporation, and certificates for all its capital stock were issued to Salomon. A demand note for $26,424.86, dated April 28, 1925, and signed the same as the composition notes, was delivered by Salomon to Michael. No reference to Michael's note appears in the corporate minutes, and there are no minutes subsequent to those of the meetings of April 28, 1925.

On January 21, 1926, the corporation was adjudicated bankrupt. Default in the payment of the composition notes has resulted in the filing of many claims based thereon. The trustee has not objected to such claims, but he does object to the claim filed by Michael; his contention being that the money was lent to Salomon and is not a debt of the bankrupt corporation.

David W. Kahn, of New York City, for appellant.

Henry H. Klein, of New York City (Henry Waldman, of New York City, of counsel), for claimant appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1] The referee allowed the claim for the amount of the loan, because he thought equitable considerations justified its allowance, and he cites section 57k of the Bankruptcy Act (11 USCA § 93) in support of his action. This section reads as follows:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

We agree with the result, but we cannot agree that this section has any bearing on the issue. It is no more than a procedural provision to permit reconsideration of claims which have already been allowed or rejected. All the cases involving section 57k, so far as we can discover, have implicitly regarded the section as merely procedural. See, for example, In re Reliance, etc., Co., 100 F. 619 (D. C. Pa.); Courtney v. Fidelity Trust Co., 219 F. 57, 66 (C. C. A. 6); In re El Dorado Ice & Coal Co., 290 F. 180 (C. C. A. 8); In re Lewensohn, 121 F. 538, 540 (C. C. A. 2).

[2, 3] Section 63 (11 USCA § 103) provides the exclusive definition of debts which may be proved and allowed in bankruptcy. See Dunbar v. Dunbar, 190 U. S. 340, 349, 23 S. Ct. 757, 47 L. Ed. 1084. To justify affirmance of the order, Michael's claim must, therefore, be a debt of the bankrupt corporation within the definition of that section. This we think it is by reason of general principles applicable to promoter's contracts.

[4, 5] Contracts entered into with the promoter of a corporation thereafter to be created, with the intention that the corporation, when formed, shall be bound thereby, may subsequently be "adopted" by the corporation. Gardiner v. Equitable Office Bldg. Corp., 273 F. 441, 448, 17 A. L. R. 431 (C. C. A. 2). Whether the agreement be regarded as a mere offer to the corporation, which after formation it may accept, or as a binding contract between the parties until by novation the obligation of the corporation is substituted for that of the promoter, is not material to the question of adoption, which may take place in either case. 1 Morawetz, Corporations, § 548. It is not essential that the agreement be adopted by formal resolution of the board of directors. In re Lance Lumber Co., 237 F. 357 (C. C. A. 3); In re Quality Shoe Shop, 212 F. 321 (D. C. Pa.); Seymour v. Spring Forest Cemetery Ass'n, 144 N. Y. 333, 341, 39 N. E. 365, 26 L. R. A. 859. Indeed, an agent or officer who has the power to make contracts for a particular purpose can adopt one made by himself as promoter in anticipation of what subsequently occurred. Oakes v. Cattaraugus Co., 143 N. Y. 430, 437, 38 N. E. 461, 26 L. R. A. 544; Morawetz, op. cit. § 549. The knowledge of the promoters, who subsequently become the directors and shareholders, is the knowledge of the corporation that the benefits received under the agreement were to be accepted with burdens imposed by it. Morgan v. Bon Bon Co., 222 N. Y. 22, 26, 118 N. E. 205.

[6] In the case at bar there was ample evidence to justify the findings that Salomon contracted on behalf of a corporation thereafter to be formed to repay to Michael the money he should advance for the purpose of securing through the composition assets needed for the corporation's business; that the corporation when formed obtained the assets as a result of the loan; and that Salomon delivered the corporation's note in performance of the agreement made by him as promoter. Salomon was president and treasurer, as well as sole shareholder, of the corporation. His knowledge is imputable to the corporation. The case is, therefore, one where a corporation, with knowledge of the promoter's contract, accepts the benefits and

assumes the burdens of such contract by giving its note executed by its president.

It is objected that the note was signed by Salomon as treasurer, and not as president. It is a sufficient answer that he acted as agent of the corporation in giving the note, that the owner of all the shares knew of his action, and that the corporation had received the benefit of the consideration furnished by the promisee. See Stillwell v. Henry C. Merriam Co., 127 Wash. 116, 219 P. 836. To hold that this is not corporate action would be to enshrine form above reality.

[7, 8] It is urged that Michael is estopped to claim that the corporation adopted the promoter's contract because, as secretary of the meeting, Michael signed the minutes which contain the resolution authorizing the purchase of Salomon's assets in exchange for all the capital stock and the assumption by the corporation of the 15 per cent. notes to be given his composition creditors. These minutes do not recite that the assets were unincumbered, nor that there was no outstanding obligation incurred by the promoter on behalf of the corporation. It may be doubted whether they can be thought to imply any such assertions. But, even if it be assumed that they do, no basis is shown for raising an estoppel. Estoppel can be asserted only by one who has acted to his prejudice in reliance upon the falsely stated fact. Salomon, the owner of all the shares of stock, was not deceived. So far as appears, no creditors of the corporation, either those holding composition notes or other creditors, ever saw the minutes or acted in reliance thereon. No representation as to what the corporation's liabilities would be is shown to have been made to the composition creditors at any time. They cannot be regarded as prejudiced, for they did not rely upon the corporation having no notes outstanding other than their own, and they are as well off as they would have been, had Salomon borrowed the money and carried out the composition without the intervention of the corporation. Michael and Salomon, the sole stockholder, knew that the $26,000 note, dated contemporaneously with the resolution, was outstanding, and no creditor relied upon the minutes. Under such circumstances there is no basis to estop Michael from asserting the validity of his note against the corporation. See York Mfg. Co. v. Brewster, 174 F. 566, 570 (C. C. A. 5).

Michael's claim includes about $200 for merchandise billed in November and December, 1925. These must have been sales made to Salomon individually, and provable in his bankruptcy. They could not have been sales made to him as promoter, and no reason appears why the corporation should or could legally adopt his indebtedness for these sales. However, no objection was made to these items, and no assignment of error questions them.

For the foregoing reasons, the order appealed from must be affirmed.