22 F.2d 480 (1927)
In re SUPER TRADING CO., Inc.
BOYD
v.
MICHAEL.
No. 22.
Circuit Court of Appeals, Second Circuit.
November 14, 1927.
*481 *482 David W. Kahn, of New York City, for appellant.
Henry H. Klein, of New York City (Henry Waldman, of New York City, of counsel), for claimant appellee.
Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.
SWAN, Circuit Judge (after stating the facts as above).
The referee allowed the claim for the amount of the loan, because he thought equitable considerations justified its allowance, and he cites section 57k of the Bankruptcy Act (11 USCA § 93) in support of his action. This section reads as follows:
"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."
We agree with the result, but we cannot agree that this section has any bearing on the issue. It is no more than a procedural provision to permit reconsideration of claims which have already been allowed or rejected. All the cases involving section 57k, so far as we can discover, have implicitly regarded the section as merely procedural. See, for example, In re Reliance, etc., Co., 100 F. 619 (D. C. Pa.); Courtney v. Fidelity Trust Co., 219 F. 57, 66 (C. C. A. 6); In re El Dorado Ice & Coal Co., 290 F. 180 (C. C. A. 8); In re Lewensohn, 121 F. 538, 540 (C. C. A. 2).
Section 63 (11 USCA § 103) provides the exclusive definition of debts which may be proved and allowed in bankruptcy. See Dunbar v. Dunbar, 190 U. S. 340, 349, 23 S. Ct. 757, 47 L. Ed. 1084. To justify affirmance of the order, Michael's claim must, therefore, be a debt of the bankrupt corporation within the definition of that section. This we think it is by reason of general principles applicable to promoter's contracts.
Contracts entered into with the promoter of a corporation thereafter to be created, with the intention that the corporation, when formed, shall be bound thereby, may subsequently be "adopted" by the corporation. Gardiner v. Equitable Office Bldg. Corp., 273 F. 441, 448, 17 A. L. R. 431 (C. C. A. 2). Whether the agreement be regarded as a mere offer to the corporation, which after formation it may accept, or as a binding contract between the parties until by novation the obligation of the corporation is substituted for that of the promoter, is not material to the question of adoption, which may take place in either case. 1 Morawetz, Corporations, § 548. It is not essential that the agreement be adopted by formal resolution of the board of directors. In re Lance Lumber Co., 237 F. 357 (C. C. A. 3); In re Quality Shoe Shop, 212 F. 321 (D. C. Pa.); Seymour v. Spring Forest Cemetery Ass'n, 144 N. Y. 333, 341, 39 N. E. 365, 26 L. R. A. 859. Indeed, an agent or officer who has the power to make contracts for a particular purpose can adopt one made by himself as promoter in anticipation of what subsequently occurred. Oakes v. Cattaraugus Co., 143 N. Y. 430, 437, 38 N. E. 461, 26 L. R. A. 544; Morawetz, op. cit. § 549. The knowledge of the promoters, who subsequently become the directors and shareholders, is the knowledge of the corporation that the benefits received under the agreement were to be accepted with burdens imposed by it. Morgan v. Bon Bon Co., 222 N. Y. 22, 26, 118 N. E. 205.
In the case at bar there was ample evidence to justify the findings that Salomon contracted on behalf of a corporation thereafter to be formed to repay to Michael the money he should advance for the purpose of securing through the composition assets needed for the corporation's business; that the corporation when formed obtained the assets as a result of the loan; and that Salomon delivered the corporation's note in performance of the agreement made by him as promoter. Salomon was president and treasurer, as well as sole shareholder, of the corporation. His knowledge is imputable to the corporation. The case is, therefore, one where a corporation, with knowledge of the promoter's contract, accepts the benefits and *483 assumes the burdens of such contract by giving its note executed by its president.
It is objected that the note was signed by Salomon as treasurer, and not as president. It is a sufficient answer that he acted as agent of the corporation in giving the note, that the owner of all the shares knew of his action, and that the corporation had received the benefit of the consideration furnished by the promisee. See Stillwell v. Henry C. Merriam Co., 127 Wash. 116, 219 P. 836. To hold that this is not corporate action would be to enshrine form above reality.
It is urged that Michael is estopped to claim that the corporation adopted the promoter's contract because, as secretary of the meeting, Michael signed the minutes which contain the resolution authorizing the purchase of Salomon's assets in exchange for all the capital stock and the assumption by the corporation of the 15 per cent. notes to be given his composition creditors. These minutes do not recite that the assets were unincumbered, nor that there was no outstanding obligation incurred by the promoter on behalf of the corporation. It may be doubted whether they can be thought to imply any such assertions. But, even if it be assumed that they do, no basis is shown for raising an estoppel. Estoppel can be asserted only by one who has acted to his prejudice in reliance upon the falsely stated fact. Salomon, the owner of all the shares of stock, was not deceived. So far as appears, no creditors of the corporation, either those holding composition notes or other creditors, ever saw the minutes or acted in reliance thereon. No representation as to what the corporation's liabilities would be is shown to have been made to the composition creditors at any time. They cannot be regarded as prejudiced, for they did not rely upon the corporation having no notes outstanding other than their own, and they are as well off as they would have been, had Salomon borrowed the money and carried out the composition without the intervention of the corporation. Michael and Salomon, the sole stockholder, knew that the $26,000 note, dated contemporaneously with the resolution, was outstanding, and no creditor relied upon the minutes. Under such circumstances there is no basis to estop Michael from asserting the validity of his note against the corporation. See York Mfg. Co. v. Brewster, 174 F. 566, 570 (C. C. A. 5).
Michael's claim includes about $200 for merchandise billed in November and December, 1925. These must have been sales made to Salomon individually, and provable in his bankruptcy. They could not have been sales made to him as promoter, and no reason appears why the corporation should or could legally adopt his indebtedness for these sales. However, no objection was made to these items, and no assignment of error questions them.
For the foregoing reasons, the order appealed from must be affirmed.