**In re IDEAL STEEL WHEEL CO., Inc.**

Circuit Court of Appeals, Second Circuit.
April 9, 1928.

No. 272.

1. **Chattel mortgages** ⬤═192—Chattel mortgage, filed six months after execution, was good as to creditors subsequent to date of filing.

Chattel mortgage, which was not filed until six months after execution, while invalid as to creditors of mortgagor existing prior to date of filing, was good as to subsequent creditors.

2. **Bankruptcy** ⬤═318(1)—Mortgagee, refraining from filing claim in bankruptcy pursuant to agreement with promoter, held entitled subsequently to claim in bankruptcy against corporation taking over assets (New York Lien Law, § 235).

Where, after insolvency of corporation, promotor, seeking to bid in assets of insolvent, arranged with mortgagee to assume debt in case he did not file a claim or press for immediate payment of note, and in accordance therewith corporation organized to take over assets accepted and retained chattels covered by mortgage, mortgagee is entitled, in subsequent insolvency of new corporation, to claim in bankruptcy based on promotor's contract, duly ratified by corporation accepting benefit thereof, since acceptance and retention of chattels with knowledge that mortgagee had not refiled mortgage in accordance with Lien Law (Consol. Laws N. Y. c. 33) § 235, and had not taken steps to collect his claim constituted an adoption of promotor's agreement.

3. **Corporations** ⬤═448(2)—Corporation, taking over chattels of insolvent corporation, held estopped to deny validity of meeting assuming debt of mortgagee pursuant to promoter's agreement.

Where promoter, to take over assets of insolvent corporation, arranged with mortgagee of chattels to refrain from filing claim in bankruptcy under agreement that debt would be assumed, corporation subsequently formed to take over assets held, estopped to deny validity of directors' meeting assuming and agreeing to pay note and mortgage.

Appeal from the District Court of the United States for the Western District of New York.

In the matter of the bankruptcy of the Ideal Steel Wheel Company, Inc. From an order allowing the claim of F. C. Wille as an unsecured claim in bankruptcy, Ward B. Arbury, trustee, appeals. Affirmed.

R. Stanley Ruthven, of Buffalo, N. Y., for trustee-appellant.

Frederick O. Bissell, of Buffalo, N. Y., for appellee F. C. Wille.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. [1] On January 8, 1923, F. C. Wille loaned $6,665 to Harvey Rim & Wheel Company, a New York corporation, on its promissory note, and, on the same date, took as collateral security a mortgage on divers chattels in the factory of the company at Buffalo, N. Y. This mortgage was not filed until July 8, 1923, so that, while invalid as to creditors of the Harvey Rim & Wheel Company existing prior to the date of filing, it was good as to those subsequent. Matter of Reuben L.

Myers et al. (C. C. A.) 24 F.(2d) 349. It had also, to remain valid, to be refiled within one year after the first filing. New York Lien Law (Consol. Laws, c. 33) § 235. Thereafter Harvey Rim & Wheel Company was adjudicated a bankrupt and Stephen N. Blewett, representing a group of its stockholders, told Wille that this group was desirous of bidding in the assets of the Harvey Company, and asked him what he "would be willing to do with respect to letting his note and mortgage ride, if this group of stockholders were successful in bidding in the same subject to his mortgage." He told Blewett that he would be glad to co-operate and "would not press them for immediate payment of the note * * * if the group of stockholders bought the property, he would not file a claim in the estate of Harvey Rim & Wheel Company. * * * He, however, made it clear that he would expect the purchasers of the machinery to assume his debt, and discharge the same when in position to do so."

The group of stockholders in the name of W. B. Allison, trustee, bought the assets of the Harvey Company in question at a referee's sale (held May 19, 1924) subject to such liens and incumbrances as might exist. The purchasers thereupon, in May, 1924, organized the Ideal Steel Wheel Company, and Allison, representing the purchasers at the Harvey sale, conveyed the assets to it. Wille wished to have the new corporation formally assume the obligation which Blewett had arranged that the purchasers of the mortgaged assets should undertake. Accordingly a directors' meeting of the Ideal Steel Wheel Company, Inc., was held on August 21, 1924, by five of the nine directors in California, but without the written consent of Benton, who was at the time a director and secretary of the company. Allison, who had purchased the mortgaged assets on May 19, 1924, as trustee for the group of stockholders of the Harvey Company, and was president of and held the largest block of stock of the Ideal Company, which had taken over the assets from Allison, appears from his telegram to Blewett on August 20, 1924 (Exhibit E), as well as from his letter of August 22 (Exhibit F), to have sanctioned the holding of the directors' meeting on August 21, 1924. Wille was present at the meeting in California, the minutes of which recited that it was "held in accordance with the written consent of the entire board of directors." The meeting, owing to the lack of Benton's consent, was irregular, but it proceeded to "assume and agree to pay the note and mortgage of F. C. Wille," and, so far as appeared to Wille, was a regular meet-

ing. Wille stated to the meeting that he would not press the company for payment at that time and that he had not yet filed any claim against the Harvey Company on the understanding with the officers of the Ideal Company that his claim would be taken care of. Wille withheld filing his claim in the bankrupt estate of the Harvey Company on the promise made by Blewett acting for the promoters of the Ideal Company and doubtless also because of the supposed validity of the assumption of the indebtedness to him purporting to have been authorized by the irregular directors' meeting of the latter company. Moreover he had doubtless neglected to refile his chattel mortgage on the faith of the arrangement he had made with Blewett prior to the sale of assets of the Harvey Company.

The Ideal Steel Wheel Company, Inc., was finally adjudicated a bankrupt, and its trustee in bankruptcy objected to the proof of Wille's claim which the latter based upon the alleged assumption thereof by the Ideal Company after conveyance to it of the mortgaged chattels by Allison as trustee. The claim was rejected by the referee but thereafter allowed by the District Judge, and his order is under review here.

We hold that the claim should be allowed both because it is based on a promoters' contract duly ratified by the corporation which has accepted the benefit of the contract that Blewett made, and also because the Ideal Steel Wheel Company, and its trustee in bankruptcy as succeeding to its rights, are estopped from questioning the validity of the action at the meeting which assumed the obligation to pay the note and mortgage of Wille.

It may be argued that Blewett in his talk with Wille preceding the referee's sale of the Harvey Rim & Wheel Company assets never purported to contract for the company or mentioned a projected company. But in this scanty record reasonable and inevitable inferences may properly be drawn. The Ideal Company was immediately formed by the group of stockholders of the Harvey Company that bought in the mortgaged chattels through Allison, and the chattels were conveyed to it. Wille was told as soon as the corporation was formed that it was anxious to get into the business of manufacturing wheels, and that it would take care of his mortgage but would not be in position to do so for a considerable length of time. Allison, the president of the Ideal Company, must have known of Wille's claim, for in his letter to Blewett on August 15, 1924 (Exhibit D),

he said: "Relative to the mortgage of Wille, would say that we must work him some way to take this out in the near future. * * * "

[2] It is reasonable to infer that Blewett and Wille, when they arranged that Wille should exercise forbearance if the group of stockholders bought in the mortgaged premises at the referee's sale, both knew that a corporation was projected to take over the purchase. In other words, these rapidly successive transactions are satisfactory proof of a promoters' contract. The Ideal Steel Wheel Company, Inc., received benefit from this contract both through the failure of Wille to refile his mortgage before the expiration on July 8, 1924, of one year from the date of first filing and by his forbearance to take any steps to collect his claim. This was evidently known to Allison, the president of the corporation and its largest stockholder, as well as to Blewett, one of its directors. An acceptance and retention of the chattels by the company in such circumstances must be regarded as an adoption of the promoters' agreement irrespective of the resolutions adopted at the meeting of August 21, 1924, held in California. Oakes v. Cattaraugus Water Co., 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544; Shaffer v. Mohawk Valley Brewing Co., 221 N. Y. 697, 117 N. E. 1084; Morgan v. Bon Bon Co., 222 N. Y. 22, 118 N. E. 205; In re Super Trading Co. (C. C. A.) 22 F.(2d) 480.

[3] But the action of the meeting would seem to be valid as between the Ideal Company and Wille. A quorum of the directors was present, and they purported to hold a regular meeting. It is not shown that Wille had any notice that the meeting was irregular. It was regular *on its face* and any irregularity due to insufficient notice was a matter of internal knowledge and management which Wille was not required to know and which would not affect his action unless he did know it. Even though the mortgage had ceased at that date to be valid for lack of refiling, Wille was in position to press his claim based on the promise of Blewett and the knowledge and acquiescence of Allison, the president of the Ideal Company. Certainly he had an arguable claim to press and a forbearance to exercise. Moreover, his failure to press his claim against the Harvey estate in bankruptcy (a consideration evidently affecting the situation in some important way) was a detriment to him, suffered upon the promise that the Ideal Steel Wheel Company would assume payment of his claim and under the representation by a majority of the directors that they were holding a lawful meeting when

they assumed the obligation on behalf of the company. In such circumstances the company was estopped to deny that the meeting was lawfully held. The directors had power to take the action that they did if the meeting had been properly called and the validity of the notice was a matter of internal corporate knowledge and management which Wille was not obliged to and very likely would have been unable to ascertain. Louisville, etc., R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 S. Ct. 817, 43 L. Ed. 1081; Royal British Bank v. Turquand, 5 E. & B. 248; Montreal & St. Lawrence Light & Power Co. v. Robert (1906) A. C. 196; Fountaine v. Ry. Co., L. R. 5 Eq. Cas. 315; Hackensack Water Co. v. Dekay, 36 N. J. Eq. 548; Manhattan Hardware Co. v. Roland, 128 Pa. 119, 18 A. 429; Pettengill v. Blackman, 30 Idaho, 241, 164 P. 358; Huntington Roller Mills v. Miller, 60 Utah, 236, 208 P. 531; United States Light & Heating Co. v. J. B. M. Electric Co. (C. C. A.) 194 F. 866.

The order is affirmed.