## In re TOOEY.*

### McLEOD et al. v. BOONE et al.

### No. 8104.

Circuit Court of Appeals, Ninth Circuit.

April 20, 1936.

Edwin J. Miller, of Los Angeles, Cal., for appellants.

Kenneth E. Grant and Gilbert B. Hughes, both of Los Angeles, Cal., for appellees.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

An appeal was allowed by the District Court from its order sustaining a decision of the referee which approved the petition of Dan Boone that he be substituted as claimant pro tanto to the allowed claims of each of certain creditors, including appellants, to the total amount of $3,621.79, segregated in proportion to the several amounts of the allowed claims whose claimants had consented thereto. This amount represented money expended by Dan Boone for the benefit of these creditors before the initiation of the bankruptcy proceeding. The appeal having been docketed in this court, motion was made by the appellants for diminution of the record. Upon the hearing of this motion, this court, deeming its jurisdiction doubtful, requested counsel to file briefs upon the question of whether or not the allowance of appeal by the district judge gave this court jurisdiction of the appeal. It is conceded in these briefs that the question depends upon whether the order appealed from was made in a proceeding in bankruptcy or whether it was made in a controversy in bankruptcy. 11 U.S.C.A. §§ 47, 48.

The order of the referee approved by the court merely gave effect to the consent of the creditors that certain moneys payable to them in due course from the funds of the bankrupt estate should be distributed to Dan Boone instead of to them because of their assignment pro tanto to him. This method of recognizing an assignment was in conformity with General Order No. 21, subd. 3, 11 U.S.C.A. following § 53 (see Remington on Bank-

*Rehearing denied June 8, 1936.

ruptcy, § 737, § 900, note 6), requiring such recognition.

It is clear, then, that this is a routine proceeding in bankruptcy and is not a controversy therein. The allowance of appeal from the order by the District Court does not give this court jurisdiction of the appeal. 11 U.S.C.A. §§ 47, 48. Not having jurisdiction, we of course express no opinion on the merits of the appeal nor on the right of claimants to make an assignment of a part of their respective claims.

Appeal dismissed.