## McLEOD et al. v. BOONE et al.
### No. 8336.

Circuit Court of Appeals, Ninth Circuit.
June 7, 1937.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Dan Boone, one of the appellees, had commenced certain proceedings for the benefit of creditors under the direction of the receiver of Tooey Corporation, owned by the bankrupt, and had incurred other expenses for the benefit of creditors in an effort to subject certain property of the corporation and the bankrupt to the claims of the creditors.[1] Thereafter, an involuntary petition in bankruptcy was filed and the appellee Dan Boone continued his effort to subject the property of the bankrupt to the claims of the creditors, being thereto authorized and employed by the trustee in bankruptcy. His claims for such services were divided into two classes, those for which he claimed the right to be subrogated to the claims of other creditors, and those which he claimed were direct claims against the bankrupt estate as proper charges of administration.

The appellants, Mazie McLeod and Edwin J. Miller were creditors of the bankrupt and their claims had been approved by the referee.

In order to secure reimbursement for the moneys advanced and labor performed on behalf of creditors, the appellee Dan Boone obtained from certain creditors, including the appellants, an agreement that his claim for services amounting to $3,856.79 should be paid pro rata by them from their claims. This agreement was signed by appellant Miller for E. H. Martin, his assignor, and Mazie McLeod.

An application was made to the court for an order of subrogation pro tanto under Bankruptcy General Order 21, subd. 3 (11 U.S.C.A. following section 53). The appellants appeared in response to the notice of application for such subrogation and objected to the application upon numerous grounds, among others, that there was no consideration for the agreement and upon the ground that the claim for $3,856.79 was a duplication in part of claims already allowed. The objections of the appellants to

Edwin J. Miller, of Los Angeles, Cal., for appellants.

Gilbert B. Hughes, Mott, Vallee & Grant, and Kenneth E. Grant, all of Los Los Angeles, Cal., for appellees.

[1] We take judicial notice of the record on the former appeal in this proceeding. 83 F.(2d) 457. On the power of the court to take judicial notice of its own records, see Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; McDonough v. Owl Drug Co., 75 F.(2d) 45 (C.C.A. 9); Suren v. Oceanic S. S. Co., 85 F.(2d) 324 (C.C.A. 9).

the order were overruled except as to an item of $235, and as to the remaining sum of $3,621.79 Dan Boone was substituted pro tanto to the claims of creditors who had joined in the request for such substitution.

A petition to review this order was filed with the District Judge and the order was affirmed and appeal taken to this court which was dismissed because the appeal had been allowed by the District Judge instead of by this court. 83 F.(2d) 457. After dismissal of the appeal, appellants filed a petition in the bankruptcy court seeking a review of the decision theretofore made upon the application of Dan Boone for subrogation pro tanto of their claims. In this petition they again claimed that the sum of $3,856.79 contained items which had theretofore been allowed and paid to Dan Boone, aggregating $1,434.20. In the petition it was alleged that these items had theretofore been allowed by order of the referee of April 9, 1935. They alleged that these allowances were made "by mistake and inadvertence of the referee"; that these orders "should be reopened for further hearing and evidence and the objections thereto on file heard anew." They alleged that, if the claim were opened up and they were permitted to offer further evidence thereon, they would "offer evidence of the mistake of the said referee both as to law and fact." The referee denied the application, petition to review was taken to the District Court, and the petition was denied.

The appellants make four assignments of errors, as follows:

"1. The District Court and the referee erred in holding that as long as a bankruptcy proceeding is pending and unsettled that it has no jurisdiction to set aside any order that it has made in the proceeding and to rehear the same.

"2. The court and the referee erred in holding that the matter presented by the petition is res adjudicata and cannot be reopened by the Court in which the proceeding is pending.

"3. The Court erred in upholding the referee's order dismissing the petition for want of jurisdiction and as res adjudicata.

"4. The Court erred in refusing to grant the relief prayed for in the petition."

In the brief, appellants specify two errors:

"1. The Court erred in holding it had no jurisdiction to reconsider the matters set forth in the petition.

"2. The Court erred in holding the matters in the petition set forth are res adjudicata, and beyond the power of the court to reconsider, and erred in holding that it does not have full power to set aside and re-open and review any of its orders as long as the estate is not closed."

The appellees concede the power of the bankruptcy court to reconsider the order of subrogation at any time during the pendency of the bankruptcy proceeding,[2] but claim that the question of whether or not an order should· be reconsidered is addressed to the sound discretion of the District Court and that, in order to invoke the favorable exercise of that discretion, it is necessary for the petitioner to show good cause for such ` reconsideration.

■■■■ It should here be stated that appellants, by the device of claiming in their petition that there was a duplication of claims allowed,[3] sought to have the question of the right of Dan Boone to be subrogated pro rata to their allowed claims reconsidered by reason of the power of the court to reconsider claims granted by section 57k of the Bankruptcy Act, 11 U.S.C.A. § 93(k).[4]

[2] Appellees, on page 6 of their brief, state: "The general power of courts of bankruptcy to reconsider their decrees and orders for cause is undisputed. Appellants' entire brief is devoted to an exposition of authorities to this effect. Appellees recognize the existence of this power in its fullest extent and there need be no dispute on this point."

[3] In regard to appellants' contention that they seek to re-open claims in bankruptcy, as we have noted, in the prior proceeding they claimed that there was a duplication of claims. A petition for the re-opening of a claim allowed rests in the sound discretion of the District Court and cause for the granting of such

a petition must be shown. Bankruptcy Act, § 57k, 11 U.S.C.A. § 93(k); In re El Dorado Ice & Coal Co. (C.C.A.) 290 F. 180. Where, as here, the question of duplication of claims was litigated in the prior proceeding, a mere allegation that the duplications were by the mistake and inadvertence of the referee does not constitute a good cause that would justify the District Court in re-opening the claims.

[4] On the first appeal we held that the order granting subrogation was not an order allowing a claim (In re Tooey, 83 F.(2d) 457) hence, the power of the court to rehear the matter cannot be predicated upon section 57k of the Bankruptcy Act.

The order appellants seek to have reconsidered is the order subrogating Dan Boone for appellants as to a part of their claims. Appellants alleged in their petition that, if the claim of Dan Boone were opened up, they would offer evidence of the mistake of the referee "and request that said claim be disallowed and the said moneys, by order of this court, be restored to the claim" of the appellants. In response to the citation issued upon appellants' petition, appellees objected to the allowance thereof on the ground that the matter had been previously heard and determined by the referee; that his order had been affirmed by the District Court of the United States; that the appeal from said order had been dismissed and all matters referred to in the petition to reopen were res judicata, and that the referee was without jurisdiction to retry the matter. The appellants stated in open court upon the hearing "that the matters presented by the petition to re-open were the same matters previously heard and determined." Thus, by the terms of the petition and by the admission of the appellants, the court was asked to retry issues which had been once tried and formally disposed of merely upon the ground that the referee had committed error in arriving at his conclusion and that the District Court had by affirming the order committed the same error. It is incumbent upon petitioners who seek to have an order reconsidered to allege in their petition facts justifying the reconsideration of the order. If it is claimed that a mistake has been made, the exact nature of the mistake and the manner in which it arose should be alleged. If evidence has been newly discovered, the nature and character of the evidence should be alleged and the reason why it had not been discovered earlier should be stated. The petition makes no such showing, but appellants rely upon a mere general allegation of mistake or error of the referee. It is clear that the order denying the application was the only one which could be properly made upon the merits. It would be an abuse of discretion to grant an application to retry a matter merely because one party was dissatisfied with the result. Consequently, even though it be assumed, as contended by appellants, that the District Court held it was without jurisdiction to set aside its order, as the petition contained no allegations invoking the discretion of the District Court, there is no ground for the reversal of its order. See Wayne United Gas Co. v. Owens-Illinois Glass Co., 57 S.Ct. 382, 81 L.Ed. 557.

There remains to consider appellants' contention that the District Court denied the petition upon the ground that it had no jurisdiction to disturb the order already entered. Omitting the recitals therein, the order of the District Court upon the petition for review of the referee's order is as follows:

"After oral argument by counsel for petitioners, it appears to the court that the matters included in said petitions have heretofore been adjudicated at length before the former referee of this court, Rupert B. Turnbull, and have further been given consideration by this court on a petition for review and finally and completely adjudicated by the Circuit Court of Appeals of the United States, in and for the Ninth Circuit in that cause entitled In re Tooey (McLeod et al. v. Boone et al.) No. 8104, heretofore decided by said court, reported in 83 F.(2d) 457, in every instance against the contention of petitioners,

"Now, therefore, it is hereby ordered that the petition of Edwin J. Miller and Mazie McLeod for an order re-opening the claims of Dan Boone, and for an order on the trustee to show cause why he should not pay over money in his hands to petitioners, Edwin J. Miller and Mazie McLeod, are hereby denied."

■ The District Court was asked to reconsider an order under circumstances that would have made the granting of the petition an abuse of discretion. Under these circumstances, a proper answer to such an application is that, having been once determined, the matter is res judicata. This was a proper exercise of jurisdiction.

Order affirmed.