## BANK OF EUREKA v. PARTINGTON.
### No. 8258.

Circuit Court of Appeals, Ninth Circuit.
July 28, 1937.

H. C. Nelson, of Eureka, Cal., for appellant.

Fletcher A. Cutler, of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order denying a motion to dismiss a proceeding under section 75 of the Bankruptcy Act (11 U.S. C.A. § 203), and to set aside orders said to

have been made by a conciliation commissioner.

Appellee, Mary C. Partington, commenced this proceeding on June 6, 1934, by filing a petition which stated that she derived all her income from farming operations; that she was the owner of property on which appellant held a mortgage which it was seeking to foreclose in a state court of California; that a receiver had been appointed in the foreclosure proceeding; and that appellee was unable to meet her debts and desired to effect a composition or extension. The petition prayed for relief under subsections (a) to (r), inclusive, of section 75 of the Bankruptcy Act (47 Stat. 1470, 11 U.S.C.A. § 203 (a–r). Thereupon, on June 6, 1934, the District Judge approved the petition and referred the case to a conciliation commissioner.

On September 15, 1934, appellee filed an amended petition, stating that she had failed to obtain acceptance of her composition or extension proposal, and praying to be adjudged a bankrupt, pursuant to subsection (s) of section 75 (Frazier-Lemke Act of June 28, 1934, 48 Stat. 1289, 11 U.S.C.A. § 203 note). On October 4, 1934, the District Court made such order of adjudication and referred the case to a referee in bankruptcy.

On May 27, 1935, while this case was pending before the referee, the Supreme Court, in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, held that subsection (s), as it then existed (Frazier-Lemke Act of June 28, 1934, 11 U.S.C.A. § 203 note), was unconstitutional. On August 28, 1935, subsection (s) was amended by the new Frazier-Lemke Act, 49 Stat. 943 (11 U.S.C.A. § 203 (s). Paragraph 5 of subsection (s), as amended, provides:

"This Act [title] shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases. * * *"

Thereafter, on a date which the record does not disclose, appellee filed a second amended petition, praying that she be permitted to proceed under subsection (s), as amended by the new Frazier-Lemke Act, and that she be adjudged a bankrupt thereunder. On November 9, 1935, the District Court ordered that appellee's petition be granted. A formal order adjudging appellee a bankrupt under subsection (s), as amended, was signed and filed on November 13, 1935. By this order, the case was again referred to a conciliation commissioner.

On December 2, 1935, appellant filed in the District Court a notice addressed to appellee and her attorney, notifying them that appellant intended to and would, on December 9, 1935, move the court:

"[That] the Order made and entered in the above entitled Court and cause on the 9th day of November, 1935, insofar as the same ordered that [appellee] be permitted to proceed under the provisions of Section 75 subdivision (s) of the Bankruptcy Act, as amended be granted [sic]; and that an Order of adjudication under Subdivision "S" of said Act as amended be vacated, annulled and set aside; that the Court dismiss the said [second amended] petition of [appellee] to proceed under said provisions of Subdivision "S" of Section 77 of the Bankruptcy Act as amended; that the Court decline to assume further jurisdiction of the mortgaged property in said proceedings referred to, and make its Order permitting and allowing [appellant] to proceed with the foreclosure proceedings in the said Courts of the State of California, as provided by the laws of said State."

This notice was not a motion. It was merely the expression of appellant's intention to make the motion described in the notice. This intention does not appear to have been carried out; that is to say, the motion described in the notice does not appear to have been made. It does appear that on December 9, 1935, appellant moved the court to dismiss this proceeding. This motion is not in the record, but there is in the record a minute entry dated December 9, 1935, reading as follows:

"Motion to dismiss came on this day for hearing, and after hearing had, Ordered Motion to dismiss be submitted on briefs to be filed. * * *"

Another minute entry, dated June 4, 1936, reads as follows:

"Motion to dismiss having been submitted and fully considered, it is ordered that the same be and is hereby denied."

The parties agree that the motion referred to in these minute entries was made by appellant, and that it was a motion to dismiss this proceeding.

The order of June 4, 1936, denying appellant's motion of December 9, 1935, was

not appealed from. The time within which such an appeal might have been taken expired on July 5, 1936. Bankruptcy Act, §§ 24(c), 25(a), 75(n), as amended, 11 U.S.C.A. §§ 47(c), 48(a), 203(n).

On July 10, 1936, appellant filed a motion praying the District Court to dismiss this proceeding and to vacate and set aside two orders said to have been made by the conciliation commissioner on May 16, 1936. As described in the motion, the conciliation commissioner's orders were (1) that appellant's foreclosure proceeding be stayed for three years, and (2) that appellee retain possession of the mortgaged property, under the court's supervision and control, upon payment of a specified rental.

Grounds of this motion were (1) that no bona fide offer of composition or extension had been made; (2) that it could not reasonably be believed that appellee could rehabilitate herself within three years, and that, unless appellant was permitted to proceed with the foreclosure of its mortgage, the security thereof would be greatly jeopardized; (3) that appellee had no equitable interest in the mortgaged property; (4) that appellee was not entitled to the benefit of the Bankruptcy Act, as there had been no evidence of good faith on her part; and (5) that to deprive appellant of its right to proceed with said foreclosure, and of its right to have a state court receiver retain possession of the mortgaged property and collect the rents thereof, would deprive appellant of "property rights accorded to it under the laws of the United States, the State of California, and the Constitution of the United States, without making any adequate provision for compensation therefor."

On July 30, 1936, the District Court made the following order:

"Motion to dismiss proceedings and motion to set aside orders of Conciliation Commissioner having been submitted and being now fully considered, it is Ordered that the said motions be and each are hereby denied."

From that order, this appeal is prosecuted.

The order appealed from does not mention appellant, but since appellant's motion was a motion to dismiss the proceeding and to set aside orders said to have been made by a conciliation commissioner, and, since, so far as the record shows, appellant's motion was the only such motion then pending, it is assumed that the order relates to, and was intended as a denial of, appellant's motion.

■■ Appellee has moved to dismiss the appeal on the ground that the District Court's order of June 4, 1936, denying appellant's motion of December 9, 1935, was res judicata as to all questions raised by appellant's motion of July 10, 1936, the denial of which is under review. The point is not well taken. The motion of July 10, 1936, was based, in part, on matters occurring long after December 9, 1935. It sought relief which the earlier motion did not seek. Clearly, therefore, denial of the earlier motion was not res judicata as to all questions raised by the later motion. That it was res judicata as to any such question may well be doubted. Compare McLeod v. Boone (C.C.A. 9) 91 F.(2d) 71, decided June 7, 1937. Even if it were res judicata as to all such questions, that would only be a ground for affirming the order appealed from. It would not be a ground for dismissing the appeal.

■ A further ground of dismissal urged by appellee is that the assignments of error raise questions which could not be decided without examining the evidence, and that the evidence is not in the record. This, if true, would be a ground of affirmance, not of dismissal.

The motion to dismiss the appeal is denied.

■ There are four assignments of error. Assignment 1 is not argued or discussed in appellant's brief and is, therefore, deemed to have been abandoned. Forno v. Coyle (C.C.A. 9) 75 F.(2d) 692, 695. Appellant's brief states:

"Appellant relies upon its second and third assignments of error, as being determinative of this appeal, for they involve squarely the constitutionality of the second Frazier-Lemke Act [11 U.S.C.A. § 203]. * * *"

■ The second and third assignments are that the District Court erred in denying appellant's motion to vacate and set aside the orders said to have been made by the conciliation commissioner on May 16, 1936. The sole ground of appellant's attack on this ruling is the claimed unconstitutionality of the second Frazier-Lemke Act. This claim was disposed of, adversely to appellant, by

the Supreme Court's decision in Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, holding the Act constitutional.

Assignment 4 is that the District Court erred in denying appellant's motion to dismiss this proceeding. This ruling is attacked on the ground that "appellee had no bona fide hope of eventual rehabilitation, has no real equity in the mortgaged property, made no bona fide offer of composition to creditors, and therefore her petition for relief under the Frazier-Lemke Act was not filed in good faith."

A decision of the questions thus attempted to be raised would require an examination of the evidence. The evidence is not in the record. The record contains neither a statement of the evidence nor an agreed statement of the case. See Equity Rules 75(b) and 77, 226 U.S. 672, 286 U.S. 570 (28 U.S.C.A. following section 723), and General Order in Bankruptcy No. 36, 288 U.S. 632 (11 U.S.C.A. following section 53). Not having the evidence before us, we indulge the presumption that it justified the order which the District Court made.

Order affirmed.