389 F.2d 599
 Lorne A. CAMERON, Jr., Appellant,
v.
WILLIAM ROEMELMEYER, TRUSTEE IN BANKRUPTCY FOR TAMARAC GOLF CLUB, INC., ET AL., BANKRUPTS AND C. R. HEILEMAN (Broward National Bank of Fort Lauderdale, Administrator Cum Testamento Annexo of the Estate of C. Richard Heileman, deceased, substituted as appellee in the place of C. Richard Heileman, deceased), Appellees.
 No. 24526.
 United States Court of Appeals Fifth Circuit.
 January 26, 1968.
 
 Carl V. Wisner, Jr., Fort Lauderdale, Fla., for appellant.
 John H. Gunn, Gunn & Venney, Miami, Fla., and Clarke & O'Brien, Pompano Beach, Fla., for appellee, C. R. Heileman.
 Irving M. Wolff, Miami, Fla., for appellee, Roemelmyer.
 Before GEWIN, BELL and AINSWORTH, Circuit Judges.
 GRIFFIN B. BELL, Circuit Judge:
 
 
 1
 Tamarac Golf Club, Inc., a Florida corporation, was adjudicated a bankrupt on July 29, 1966 after the failure of a Chapter XI arrangement. Appellant was the president and a creditor of the bankrupt. He asserts that the District Court erred in approving a compromise sale confirmation order entered by the Referee. We affirm.
 
 
 2
 C. R. Heileman was the lessor of the real property and buildings occupied by the bankrupt for its club facilities and claimed ownership of the furniture and fixtures on the premises. While the arrangement was in process Heileman filed a petition for an order confirming the termination of the lease and to recover possession of the property. The Referee denied this petition without prejudice because of the effort to operate the club and ordered the payment of administrative rent in the interim.
 
 
 3
 During the course of a hearing on another petition to terminate the lease and recover the leased property, filed on July 28, 1966 and heard on August 25, 1966 after the bankruptcy adjudication, it became apparent that the lessor and the trustee might effect a compromise. The trustee was then operating the club. The basis of the compromise was that the lessor would take over the club including all furniture and fixtures on the premises together with the food and liquor inventory, two undescribed vehicles, the trade name "Tamarac Yacht and Tennis Club", the liquor license issued to Tamarac Golf Club, Inc. for the Tamarac Yacht and Tennis Club premises, and the list of members of the Tamarac Yacht and Tennis Club. In return the sum of $10,000 would be paid to the trustee and Heileman would forego any additional rent, collect all accounts receivable due the trustee and indemnify the trustee for any losses that might occur from operations between the date of the entry of a rule to show cause on the proposed compromise and the date of sale.
 
 
 4
 On August 31, 1966 the trustee petitioned the bankruptcy court, recommending the compromise, requesting the court to issue a rule to show cause why the court should not confirm the private sale to Heileman and authorize its consummation. The rule to show cause was issued by the Referee on August 31, 1966 and a "notice of rule to show cause" was issued and mailed to all creditors on the same day. This presumably included appellant.
 
 
 5
 The notice required that objections be filed in writing. Appellant filed no objection orally or in writing with the Referee. Two other creditors jointly filed an objection based on an insufficiency of information in the notice as to the property and the value of the property being sold. They also contended that the proffered purchase price was inadequate and made an indefinite counteroffer. These two creditors pursued their objections through three hearings. The second and third hearings were the result of their claim that the notice was inadequate. They offered no evidence whatever to contest the compromise offer nor did they complete their counteroffer. At no time during these proceedings did appellant object to the compromise either by word or deed. His first objection came in a petition to the District Court for review where he asserted that the orders confirming and approving the sale and indemnification agreement, entered on September 19, 1966, were erroneous and that he, as a general creditor, was an aggrieved party. The two creditors who had contested the sale in the District Court also petitioned for review but took no appeal from the order of the District Court denying the petitions and affirming the orders.
 
 
 6
 Appellant contends that the notice of the rule to show cause was defective in that the creditors were not told that the offer involved a compromise of a controversy between the trustee and Heileman. This claim is without merit. The notice did not use the term "compromise" but such is implicit in the notice as a whole and it makes reference to the petition seeking the rule to show cause which does specifically refer to the compromise. Moreover, appellant was present throughout the hearing which gave rise to the compromise negotiations and had additional notice when the Referee continued the hearing on the rule to give the parties more time in which to contest the offer of compromise. We hold that the notice was adequate to him in time and substance under the circumstances.
 
 
 7
 The only other assignment of error which merits discussion is his contention in the District Court that the purchase price was inadequate in view of the value of the property of the bankrupt. All of the property on the premises of the bankrupt had been valued by appraisers but a large portion of the property was claimed by Heileman as lessor. The record does not contain an adequate appraisal for the reason that the property owned by the bankrupt and that claimed by the lessor is not separately compiled. The Referee failed to enter any findings of fact whatever. See Bankruptcy General Order No. 47, 11 U.S.C.A. following § 53 on the requirement that the Referee set forth his findings and conclusions. The District Court affirmed on the basis that the Referee did not abuse his discretion in approving the compromise sale. Ordinarily, to determine whether the Referee abused his discretion would require a reversal and remand for findings and conclusions by the Referee based on the record or on the record as supplemented. In the peculiar circumstances of this case, however, we have examined the entire record and have concluded that there is no evidence to support a claim of an abuse of discretion on the part of the Referee.
 
 
 8
 The trustee recommended the sale in a sworn petition which set out all facts indicating the desirability of a compromise except specific valuations. The posture of the case as it comes here is that the evidence (the lease) disclosed the lessor as owning all furniture and fixtures in the club facilities. The appraisal shows the value of the food and liquor listed thereon as being far less than the purchase price. The appraisal, as stated, also included the furniture and fixtures but this, according to the evidence, was not owned by the bankrupt. There was no evidence as to the value of the two vehicles, the trade name, the liquor license, or the club membership list. Cf. Bragg v. Gerstel, 5 Cir., 1945, 148 F.2d 757, holding that an appraisal is not a condition precedent to a sale.
 
 
 9
 The trustee petitioned for approval of the compromise sale. He was the moving party, substantially asserting the affirmative of the issue, and we hold that he had the burden before the Referee of showing facts to indicate that the compromise sale should be approved. Cf. Lawrence Warehouse Company v. McKee, 5 Cir., 1962, 301 F.2d 4, on burden of proof. Cf. also Allen v. Lokey, 5 Cir., 1962, 307 F.2d 353. The record taken as a whole demonstrates that the trustee made out a prima facie case in this respect and the burden shifted to the creditors to show that the compromise sale should not be approved. They offered nothing in this regard.
 
 
 10
 Appellant was present at the hearing on August 25 when it became clear that Heileman was claiming the furniture and fixtures on the premises and when it also became apparent that a compromise between Heileman and the trustee was in the offing. He had notice of the petition to approve the compromise. He was present at the three hearings where the objections of the other creditors were heard. They offered no evidence to contest the fairness of the sale. They, like appellant, were satisfied to stand on the record. This was the case as it came to the District Court on petition for review and that court did not err in concluding that the Referee did not abuse his discretion in the premises. Cf. In Re Tailortowne, Inc., D., N.J., 1961, 198 F.Supp. 477, affirmed sub nom., In the Matter of Tailortowne, Inc., 3 Cir., 1962, 303 F.2d 779, on the failure to offer proof before the Referee.
 
 
 11
 Affirmed.