**KAREN–RICHARD BEAUTY SALON, INC., Appellant,**

v.

**FONTAINEBLEAU HOTEL CORP., Appellee.**

No. 83–1466–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

Nov. 10, 1983.

Michael A. Frank, North Bay Village, Fla., for appellant.

Richard Friedman, Lawrence M. Schantz, Miami, Fla., for appellee.

SPELLMAN, District Judge.

THIS CAUSE came before the court on appeal from U.S. Bankruptcy Court. Appellant contends that a prior order distributing $15,000 to it was improperly reconsidered absent a showing of the requirements of F.R.C.P. Rule 60(b) and that appellee cannot be relieved of its contractual obligations by assignment. The court having been duly advised, it is hereby

ORDERED AND ADJUDGED that the bankruptcy court's decision is AFFIRMED.

Karen-Richard Beauty Salon, Inc. [Karen-Richard] was a tenant that had been operating out of the Fontainebleau Hotel on Miami Beach since the hotel was built. It remained there until 1980, three years after the Fontainebleau, together with appellant's lease, changed hands. In 1982, Karen-Richard filed a claim in bankruptcy court to retrieve the security deposit left with Fontainebleau in 1955.

In October, 1982, the court allowed appellant's claim in the amount of $15,000.

Some two months later, however, Fontainebleau filed an objection, the gist of which was that a third party had already assumed its obligation and, in addition, that the deposit was no more than $7,000.

The court sustained the objection and issued an order to reconsider its prior judgment. Appellant then moved for a rehearing, claiming that Fontainebleau had exceeded the 10 day limitation imposed by F.R.C.P. 59. The court then issued an order denying the rehearing. On March 23, the court reconsidered Karen-Richard's claim and disallowed it.

Appellant presents the following questions on appeal:

(1) was the bankruptcy judge acting properly in entertaining appellee's motion for reconsideration where the requirements of Rule 60(b) of the Federal Rules of Civil Procedure were not met;

(2) may a party to a contract be relieved of the obligation that a contract imposes by merely assigning the contract to a third party?

## I. MOTION FOR RECONSIDERATION

The general power of the bankruptcy court within certain limitations to correct its own mistakes or reconsider matters already disposed of *sua sponte* or upon motion of a party in interest is not disputed. Reconsideration affords the court an opportunity to reexamine a claim on its merits where circumstances call for it. If the motion for reconsideration is granted, there must be a hearing on the merits of the claim. The court is given discretion and is not bound by the requirements of Rule 59 of the Federal Rules of Civil Procedure. 12 *Collier on Bankruptcy,* ¶ 307.04 at 3–78 (14th ed.).

Section 57k of the repealed 1898 Act read as follows:

Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according

to the equities of the case, before but not after the estate has been closed.

§ 57 was later revised by Bankruptcy Rule 307,[1] which provided:

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. If the motion is granted, the court may after hearing on notice make such further order as may be appropriate.

One significant difference between the two statutes is the provision in § 57k that the reconsideration be "for cause." Although it is conspicuously lacking in Rule 307, this provision has been duplicated in Section 502(j):

Before a case is closed, a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case.

■ What constitutes "cause . . . according to the equities of the case" is not entirely clear. However, the grounds alleged need not necessarily be sufficient to require disallowance of the claim, in whole or in part. 3 *Collier on Bankruptcy,* ¶ 502.10 at 502–110 (15th ed.).

The clearest cause for reconsideration is the discovery, subsequent to allowance, of new relevant facts or evidence that could not have been discovered at an earlier stage, or the discovery of clear errors in the order of allowance. Such grounds should be stated in the moving papers in detail; the exact nature of an alleged mistake should be set forth; and if new evidence has been discovered, it should be explained why such evidence was not discovered earlier.

*Id.,* ¶ 57.23 at 401 (14th ed.) (footnotes omitted).

■ Appellant's reliance on this excerpt is misplaced. The movant need not state grounds for reconsideration with specificity, although some courts have held that the movant, under certain circumstances, *should* do so. *McLeod v. Boone,* 34 Am.B. R.(N.S.) 490, 91 F.2d 71 (9th Cir.1937); *Lewith v. Irving Trust Co.,* 24 Am.B. R.(N.S.) 318, 67 F.2d 855, 856 (2nd Cir.1933). This court need not reach the question whether these decisions are binding on it since it does not read the record as indicating that new evidence was discovered nor that a "clear error" was made.

## II. THE FEDERAL RULES

An interesting facet of this case concerns the interplay between Rule 60(b) of the Federal Rules of Civil Procedure and the Bankruptcy Rules. Bankruptcy Rule 924, which makes applicable, as modified, Federal Rule 60(b), provides that a motion for reconsideration of an order allowing or disallowing a claim entered without a contest is not subject to the one year limitation imposed by Rule 60. This is to say that:

[a]n order of allowance or disallowance, whether contested or not, may be the subject of a motion for reconsideration. The only difference is that, in the absence of a contest, the motion for reconsideration must be made within a reasonable time, and is not precluded by the expiration of one year from the entry of the order.

12 *Collier on Bankruptcy,* ¶ 307.04[1] at 3–76 (14th ed.).[2] Rule 924 only speaks to the time limitation of an uncontested order and it is evident that Congress intended to leave the remainder of the rule intact.

[I]f more than ten days has elapsed after the entry of the order before the motion for reconsideration is filed, the time within which to file a motion pursuant to Rule 923, the requirements of Rule 60(b) of the Federal Rules of Civil Procedure must be met, whether the order was entered with or without contest. Rule 924 only makes inapplicable the one year

1. Although Rule 307 has since been repealed, it was applied in this case since the action arose from a 1977 bankruptcy. *See* Title IV, § 405(d).

2. *Cf.* Rule 307, which does not set any time limitation for a court to entertain petitions for reconsideration. An order allowing a claim may be reconsidered at any stage of the proceedings prior to the closing of the bankruptcy estate. *See id.,* note 8.

limitation of Rule 60(b) of the Federal Rules of Civil Procedure if the claim is allowed or disallowed without a contest. *Id.,* ¶ 307.04[4] at 3–78 (14th ed.) (footnotes omitted).

Federal Rule 60(b), entitled *Mistakes; Inadvertance; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.,* reads as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation....

This court has been called on to judge whether the bankruptcy court's grant of reconsideration was an "abuse of discretion" given the requirement that relief be fashioned under Rule 60(b). B.R. 307; *see, e.g., Cameron v. Roemelmeyer,* 389 F.2d 599, 601 (5th Cir.1968).

The bankruptcy court did not specify which section of the Rule it relied upon in making its decision. In fact, there is evidence in the April 18th denial of rehearing that the judge mistakenly believed that Rule 60(b) was inapplicable. However, this court does not believe that such misapprehension warrants overturning the decision.

■ It is well settled that a motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the trial court, which may apply equitable principles in the exercise of that discretion. *Hand v. United States,* 441 F.2d 529, 531 (5th Cir. 1971); *SEC v. Farm & Home Agency, Inc.,* 270 F.2d 891, 892 (7th Cir.1959) (citing cases); *see also Bros. Inc. v. W.E. Grace Manufacturing Co.,* 320 F.2d 594, 608 (5th Cir.1963).

In the instant case, the trustee in bankruptcy did not oppose Karen-Richard's claim when it was made, as it had no interest in doing so, and the order granting Karen-Richard's petition was allowed in full. Once the debtor, Ben Novack, realized that there would be assets left over after disbursements were made to the creditors, he had a material interest in protecting his estate against any and all claims and thus sought to protect it. Since the debtor was neither a party to the negotiations nor to the entry of this uncontested order, the judge allowed a hearing pursuant to motion, whereupon the court found that there was no basis for the claim.

The court's grant of reconsideration could have been premised on at least two theories consistent with Rule 60(b). The first is mistake of fact (Rule 60(b)(1)). Debtor, in its petition for rehearing, apparently alleged and later proved to the court's satisfaction that the amount Karen-Richard claimed was unsubstantiated. The decision could likewise have been founded on Rule 60(b)(6). This catchall rule gives the courts ample power to vacate judgments whenever that action is appropriate to reach a just result. *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384 (1949); *Menier v. United States,* 405 F.2d 245, 248 (5th Cir. 1968); *Laguna Royalty Co. v. Marsh,* 350 F.2d 817, 823 (5th Cir.1965).

■ According to Wright and Miller, § 2864 p. 213,

In general, relief is given under clause ■ in cases in which the judgment was

obtained by the improper conduct of the party in whose favor it was rendered or [where] the judgment resulted from the excusable default of the party against whom it was directed. . . .

Given the equitable nature of this provision, the court should consider whether relief under this clause would further justice without adversely affecting substantial rights of the parties. *See United States v. Cato Bros., Inc.,* 273 F.2d 153, 157 (4th Cir.1959). Although this court does not address the question whether failure to weigh this or that consideration constitutes reversible error, the record shows no evidence that any intervening rights have attached in reliance upon the earlier judgment and the court is satisfied that no actual injustice has ensued. Thus, where a judge seeks to reconsider a default judgment upon petition of a party in interest who did not, as here, have an opportunity to contest the claim, this court holds that such reconsideration is not an abuse of discretion such as would warrant reversal.[3]

## III. ASSIGNMENT OF A SECURITY DEPOSIT

In 1977, Fontainebleau's assets were bought by Hotelerama, a Florida corporation. The purchase agreement, dated December 7, 1977, between the trustee and Hotelerama states, in part,

Subject to the terms and conditions of this contract, buyer agrees to purchase and seller agrees to sell, all of the seller's right, title and interest in and to all assets of every kind and nature used in the operation of or pertaining to the Fontainebleau Hotel, Miami Beach, Florida, including

.  .  .  .  .

[a]ll tenant leases, security deposits, advance rents and rent receivables, it being understood that such security deposits and advance rents may be subject to the claim of tenants, which buyer agrees to take subject to.

■ Based upon the above contract, debtor argues that Karen-Richard should look to Hotelerama if it wants to make a claim for refund of the security deposit. Appellant argues that once the judge determined that Fontainebleau owed Karen-Richard some money, he should not have foreclosed the latter from collecting it simply because Fontainebleau had assigned the contract.

The law on this point is amply stated in *Restatement of Contracts 2d,* §§ 318 and 320:

(1) An obligor can properly delegate the performance of his duty to another unless the delegation is contrary to public policy or the terms of his promise.

.  .  .  .  .

The fact that a right is . . . conditional on the performance of a return promise or is otherwise conditional does not prevent its assignment before the condition occurs.

Even before the expiration of the lease, Fontainebleau had the power to assign its right of payment. It needn't have obtained Karen-Richard's permission, since there is nothing personal about the act of receiving rental payments. However,

[u]nless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor.

*Id.*

Fontainebleau had no power to rid itself of its duty to Karen-Richard by assigning the contract to Hotelerama. Fontainebleau can delegate the performance to others, but this does not mean that by such a delegation it can escape its legal duty. It only means that its legal obligation requires it to

---

**3.** In *Spann v. Commissioners of the District of Columbia,* 443 F.2d 715, 716 n. 1 (D.C.Cir.1970) the court ruled:

Although relief under Rule 60(b) is discretionary with the trial court, we think that the liberal spirit of the rule, together with the basic policy favoring resolution of litigation on the merits requires us to review closely the exercise of that discretion in cases . . . where denial of the motion has precluded consideration of the merits of the controversy.

make the premises available, habitable, etc. If Fontainebleau produces this result, it has performed its promise whether it did so itself or by inducing its assignee to do so. If Hotelerama promised Fontainebleau to repay the deposit, claimant can get damages against either one. *Corbin on Contracts, § 864.*

The bankruptcy court was correct in assuming that Karen-Richard had an adequate claim against Hotelerama in state court. The issue is whether the court has a right to decide who a claimant should look to first.

The applicable caselaw has delegated considerable discretion to a bankruptcy court in using its equitable powers in allowing or disallowing a claim.

> To effectuate the purposes of the Bankruptcy Code in successfully rehabilitating distressed debtors while at the same time treating creditors in a fair and equitable manner, bankruptcy courts must broaden their vision to include not only applicable state law, but the circumstances surrounding the claims in question. For this purpose, bankruptcy courts have been endowed with 'the power to sift the circumstances surrounding any claim to see that injustice and unfairness is not done in the administration of the bankrupt estate.' (citing cases)

*In Re Spanish Trails Lanes, Inc.,* 16 B.R. 304 (Bkrtcy.1981).

■ In the case at bar, the bankruptcy court held that the claimant was estopped from asserting this claim against Fontainebleau, since it had passively remained a

---

**4.** The issues in this determination are complex. It should be noted that claimant had a conditional right to have its money returned since the deposit was ostensibly made to secure payment of the rent and performance of the covenants in the lease. Whether claimant damaged the premises or whether the deposit had been applied to delinquent rents are questions requiring extensive fact-finding. At any rate, since Hotelerama held claimant's lease for three years after the assignment, it (Hotelerama) would be the only one who would know of this. We therefore conclude that Hotelerama is a necessary and indispensible party to this action.

tenant for almost three years after the sale of the premises. The court also considered the absence of notice to Hotelerama and the availability of a state court remedy. The court's motive in dismissing claimant's action was evidently prompted by a desire to close the estate once and for all and to defer the contractual issue to a court better fitted under the circumstances to adjudicate that interest.[4] *See, e.g., Central Bank & Trust Co. v. Kelby,* 133 F.2d 873, 876 (2nd Cir.1943).

The court declines to rule on what action would have resulted in a denial of procedural due process. This decision is limited to the facts at issue. We do not hold that the bankruptcy court's findings of fact were "clearly erroneous" within the meaning of B.R. 810, nor that it abused its discretion.

*See also Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1983) where the Supreme Court held that a bankruptcy court's exercise of discretion over state law contract claims is a violation of Article III. The Court held, prospectively only, that a traditional state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an Article III court if it is to be heard by any U.S. court.