### In re EL DORADO ICE & COAL CO.

### BLANKE MANUFACTURING & SUPPLY CO. v. WINNFIELD LIGHT & ICE CO.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1923.)

No. 6144.

**Bankruptcy ⬤═►342, 467—Reconsideration of claims allowed is discretionary.**

Under Bankruptcy Act, § 57k (Comp. St. § 9641k), providing that "claims which have been allowed may be reconsidered for cause and reallowed or rejected," reconsideration of a claim is not a matter of right, but a petition therefor is addressed to the sound discretion of the court, and its order denying such petition is reviewable, if at all, only for an abuse of discretion.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

In the matter of the El Dorado Ice & Coal Company, bankrupt. From an order of the District Court, refusing to reconsider claim of the Winnfield Light & Ice Company, the Blanke Manufacturing & Supply Company, in the name of Jesse J. Craig, trustee, appeals. Affirmed.

Paul Jones, James D. Head, and Paul Jones, Jr., all of Texarkana, Ark., for appellant.

Will Steel, of Texarkana, Ark., for appellee.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

STONE, Circuit Judge. The Winnfield Light & Ice Company filed a claim, which it urged as being secured by deed of trust, against the El Dorado Ice & Coal Company, a bankrupt. The Blanke Manufacturing & Supply Company, the unsecured claim of which had been allowed against the bankrupt, filed its exceptions to the allowance of the Winnfield claim. The referee overruled these exceptions and allowed the claim as a secured claim. The Blanke Company filed its petition for review of this order of allowance. The order of allowance was, upon such review, confirmed by the District Court. From the order of confirmation no appeal was taken.

After the order of affirmance was entered, the Blanke Company presented to the referee its "Petition for Reconsideration and Rejection of the Claim of the Winnfield Light & Ice Company," which petition the referee refused to allow filed with him on the ground that he was

---

⬤═►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

without jurisdiction to act upon the petition. Later, the Blanke Company filed its petition for leave to file petition for reconsideration and rejection of the claim of the Winnfield Light & Ice Company before the District Judge. In connection with the petition for leave, the petition for reconsideration and rejection was presented. Attached to the latter petition, as exhibits, were the proof of claim of the Winnfield Company and an affidavit of J. M. Johnson. A few days later, an amendment to the above petition for reconsideration and rejection was filed. The prayer of the petition for leave was that the petition for reconsideration and rejection be filed and be heard by the court or referred to the referee for hearing. The Winnfield Company filed what it denominates as a response, wherein it opposed both the filing and, if permitted to be filed, the allowance of the petition for reconsideration and rejection. Although the record does not reveal any formal order permitting the above petition to be filed, the court seems to have had a hearing thereon and entered an order denying the petition to reconsider and reject. From that order this appeal was taken.

This petition for reconsideration was filed after the time had expired for appealing from the order confirming allowance of the claim. To assure control and equitable disposition of claims, section 57k of the Bankruptcy Act (Comp. Stat. § 9641k) provides that:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

This provision, obviously, was not intended to give an undeniable right to such reconsideration. Not only does it expressly state that such reconsideration *"may"* be allowed "for cause," but to hold the right as absolute would be to nullify the provision in section 25a of the act (Comp. Stat. § 9609a), which requires appeals from orders of confirmation to be taken within ten days. Also, such a view of section 57k would tend to delay (through repeated petitions for reconsideration and appeals therefrom) the speedy distribution of the estate which is one of the prime purposes of the Bankruptcy Law (Wiswall v. Campbell, 93 U. S. 347, 350, 23 L. Ed. 923). Therefore, we construe section 57k as submitting the matter of allowing reconsideration to the sound discretion of the court. Without here deciding that the exercise of such discretion can be reviewed, where the court declines to reconsider the allowance but treating, for the purposes of this case, the right of such appeal to exist, we turn to a consideration of whether that discretion was erroneously exercised here. So far as the petition for reconsideration involves questions of law, such were presented to the referee and court upon the allowance of the claim. If the appellant was dissatisfied with the determination of them at that time he should have appealed therefrom and not delayed distribution. So far as the claim that new evidence was offered upon the reconsideration which would vary the result of the application of the legal principles involved, we think the court rightly held that no such evidence was thus offered and that no valid reason was shown why such evidence as was offered had not been presented at the time of allowance.

Specifically reserving, for future decision, the question of the right

to appeal from such denial of petitions to reconsider, we hold that in this instance the discretion of the trial court is not shown to have been erroneously exercised.

The order appealed from is affirmed.