## In re WOODLEY MEN'S SHOP, Inc.
### No. 40375.

District Court, E. D. New York.

Sept. 30, 1942.

April & Eisenrod, of New York City (Nathan April, of New York City, of counsel), for claimants.

Cohen & Wedeen, of New York City, for trustee.

ABRUZZO, District Judge.

On August 13, 1942, the referee in bankruptcy rendered a decision denying the trustee's motion to reconsider the objections to the claims of Fannie Wolfson and Stanley Greenfield, creditors herein.

The record discloses that the original decision on the objections to the claims denied the trustee's motion to expunge the same. The creditors filed their proofs of claim in the above entitled proceeding and after the filing of objections, considerable testimony was taken relative thereto. The referee overruled the objections and an order was accordingly entered on June 2, 1942.

Pursuant to Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, the trustee had the right to file a petition to review within ten days after the signing of the order. This, he failed to do.

Thereafter, he made a motion to extend his time to file a petition to review. The motion was denied upon the merits on the grounds, first, that no cause was shown for granting any extension; and second, no

meritorious basis was exhibited for reviewing the order of the referee. The order on this decision was dated July 30, 1942.

On that date, the trustee's time to review the order of the referee had expired.

Subsequently, the trustee filed a petition before the referee for a "reconsideration" of his objections, pursuant to § 57 of the Bankruptcy Act, 11 U.S.C.A. § 93. This petition was based on the ground that the trustee had neglected to cite two decisions relevant to and in support of his position. The referee concluded that there was no merit to this application and denied the same. An order to that effect was entered on August 13, 1942. The present application seeks to review that order, while simultaneously therewith the claimants have moved to dismiss the trustee's petition to review.

It is the contention of the claimants that the order of the referee, dated August 13, 1942, is not reviewable and furthermore that the petition is defective in that it was not signed by the attorney for the petitioner in accordance with General Order 37, 11 U.S.C.A. following section 53, which causes Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to become applicable to proceedings in bankruptcy.

■ Section 57, sub. k of the Bankruptcy Act allows a reconsideration of claims for cause and they may be rejected or sustained according to the equities involved. No sufficient cause has been brought to the attention of this Court to warrant a review of the referee's order denying the petition to reconsider the trustee's objections to the claims. The mere recitation of two citations omitted from the original brief of the trustee cannot be considered just cause to review. Whether or not such citations would have had any bearing on the conclusion reached by the referee is a matter of conjecture but suffice it to say that it must be assumed that the authorities were reviewed by the referee in rendering his decision which denied the motion to reconsider.

Collier on Bankruptcy, Volume 3, page 313, states:

"Whether or not a petition for reconsideration will be granted is within the sound discretion of the Bankruptcy Court (Referee or Judge) and a review or an appeal may not be taken from a denial thereof. Consequently, such a petition cannot be used as a device to extend the time for review or appeal. But if the court acting in its sound discretion grants the petition and reconsiders the allowance of the claim on its merits, then even though it reaffirms such allowance, the order thus entered may be the subject of review or appeal. Nevertheless, where it appears that reconsideration was granted solely for the purpose of securing a review by a higher court where the time for a review or an appeal has expired, the reviewing court will dismiss."

■ It is evident that the trustee is attempting to obtain a review of the referee's original order because his time to review that order has lapsed.

■ In order to warrant a reconsideration under § 57 sub. k of the Bankruptcy Act, it is definite that new circumstances or facts must come to light which were unknown to the petitioner at the time of the original motion. There is no doubt that these new facts or circumstances must be of such importance that if they had been known and presented originally they would have tended to lead to and might have warranted a different decision.

■ The trustee herein does not come within the purview of this ruling. Under these conditions, it cannot be said that the referee abused his discretion in denying the motion to reconsider.

Therefore, the petition to review the order of the referee is denied and the motion to dismiss the trustee's petition to review is granted.

Settle order on two (2) days' notice.