## KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,

v.

## GREAT LAKES CARBON CORPORATION, Appellee.

### No. 79-1075.

United States Court of Appeals, Eighth Circuit.

Submitted March 27, 1979.

Decided April 2, 1979.

W. W. Dalton of Fordyce & Mayne, St. Louis, Mo., for appellee, Great Lakes Carbon Corp.

Robert K. Dreiling, Kansas City, Mo., and John P. Emde, St. Louis, Mo., for appellant, Kansas City Southern Railway Co.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Kansas City Southern Railway (KCS) has appealed an order of the district court[1] entered on December 21, 1978, denying KCS' Rule 60(b)(4) motion for relief from a final judgment entered on April 25, 1978. The case is presently before this court on the motion of the appellee, Great Lakes Carbon Corporation (Great Lakes), to dismiss the appeal for lack of jurisdiction. We deny the motion to dismiss this appeal.

The parties were previously before the court on the petition of KCS for a writ of mandamus. *Kansas City Southern Ry. Co. v. The Honorable H. Kenneth Wangelin,* No. 78-1603 (8th Cir. Sept. 8, 1978). The preliminary facts are stated in that opinion as follows:

> On April 25, 1978, the district court entered an order granting the Railway Company's motion for summary judgment on its complaint against Great Lakes Carbon Corporation. Judgment was entered in favor of the Railway Company in the amount of $29,898.32 plus interest. The court also granted Great Lakes' motion for summary judgment on its counterclaim, and entered judgment in favor of Great Lakes in the amount of

---

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

$129,026.47 plus interest. Neither party appealed from the judgment. On or about June 21, 1978, the Railway Company requested the district court to enter a final judgment on the Railway's motion for summary judgment on the counterclaim pursuant to either Fed.R.Civ.P. 54(b) or 60(a) in order that petitioner might assert its position affirmatively on appeal. Upon the district court's refusal to do so the petition for a writ of mandamus was filed in this court.

*Id.* at 1–2.

In its petition for writ of mandamus KCS contended that the April 25 order was not an appealable final judgment because the district court did not explicitly deny the motion of KCS for summary judgment on Great Lakes' counterclaim. KCS sought an order directing the district court to rule on its motion for summary judgment or in the alternative for a Rule 54(b) certification of final judgment. This court held that in granting relief to KCS on its complaint and to Great Lakes on its counterclaim, the district court clearly adjudicated all the claims and the rights and liabilities of all the parties. The April 25 judgment was, therefore, a final judgment. Accordingly, there was no reason for the district court to enter an additional order and the petition

for writ of mandamus was denied. The court said, "[W]e think it obvious that petitioner is attempting to belatedly amend the final judgment of April 25, 1978, in order to file an untimely appeal." *Id.* at 2.

Subsequently, on October 27, 1978, KCS filed in the district court a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4). KCS contended that the April 25 order was void and must be set aside because the district court lacked subject matter jurisdiction.[2] On December 21, 1978, the district court denied the motion. The court stated that the issues raised by the motion were thoroughly considered by the court in its April 25 opinion, from which KCS took no appeal. Further, upon reconsideration, the court found the motion to be without merit. On December 29, 1978, KCS filed a notice of appeal from the denial of its Rule 60(b)(4) motion.

In support of its motion to dismiss the appeal Great Lakes argues that although the appeal purports to be from the denial of the Rule 60(b)(4) motion, "in substance it patently is but another untimely attempt to belatedly appeal the final judgment of April 25, 1978." Great Lakes contends that this is obvious from the fact that the relief KCS seeks is relief from the April 25 judgment. Great Lakes argues that a Rule

2. In substance, KCS' claim that the district court lacked subject matter jurisdiction is as follows. The dispute is over the appropriate rates to be charged for certain shipments of petroleum coke. KCS, the carrier, initiated the lawsuit in federal district court by filing a claim for undercharges against Great Lakes. Great Lakes filed a counterclaim alleging overcharges. At the request of the parties, the district court stayed the proceedings and referred the disputed questions of tariff interpretation and application to the ICC. On October 7, 1977, the ICC issued a decision, affirming the decision of the administrative law judge. Apparently, the decision was essentially adverse to Great Lakes. No further action was taken by either party before the Commission.

On December 6, 1977, Great Lakes filed a motion for summary judgment in the district court, requesting the court to disregard the ICC decision with respect to the rates at issue in the counterclaim. The parties had reached agreement on the original claim. KCS responded with its own motion for summary judgment and contended that the ICC decision was final

and non-reviewable. The court, by its order of April 25, granted Great Lakes' motion for summary judgment on the counterclaim. In an accompanying memorandum, the court explained why it was not bound by the ICC determination and why that determination was erroneous.

KCS contends that the district court in effect granted Great Lakes a trial de novo on its claims, notwithstanding the judgment of the ICC, and that this was beyond the jurisdiction of the court. Further, KCS points out that although there are statutory procedures for review of ICC determinations, either in the courts of appeals or district courts, these procedures (*e. g.,* time for seeking review, requirement that United States be made a party, requirement that review be based on the agency record) were not complied with. Thus, KCS asserts the district court's review of the ICC determination was outside of the provisions for statutory review and outside the jurisdiction of the court. We, of course, express no opinion as to the merits of KCS' Rule 60(b)(4) motion.

60(b) motion cannot be used to circumvent the mandatory and jurisdictional periods for appeal established by Fed.R.App.P. 4(a) and that the appeal must be dismissed as untimely.

However, the issue presently before this court is not whether appellant timely appealed from the judgment of April 25, 1978, but whether a timely appeal from the district court's order denying appellant relief under Rule 60(b)(4) is within this court's appellate jurisdiction. Fed.R.Civ.P. 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: * * * (4) the judgment is void[.]" Although there previously was some doubt in this circuit, it is now firmly established that the denial of a Rule 60(b) motion is an appealable order. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Lang v. Wyrick*, 590 F.2d 257, 259 (8th Cir. 1978). *See generally* 7 J. Moore, Federal Practice ¶ 60.19, at 231, ¶ 60.30[3], at 430–32 (1975); 11 C. Wright and A. Miller, Federal Practice and Procedure § 2871, at 258–59 (1973). Accordingly, if the appeal was timely filed this court has jurisdiction to entertain the appeal.

The district court denied the Rule 60(b)(4) motion on December 21, 1978. The notice of appeal was filed on December 29, 1978. Thus the appeal was filed well within the 30 day period prescribed by Fed.R.App.P. 4(a). Therefore, the court has jurisdiction and the motion to dismiss the appeal should be denied. We of course express no opinion as to the merits of the appeal.

Motion to dismiss appeal denied.