BRIGHT, Circuit Judge.
 

 Employment Security Division of the Arkansas Department of Labor (ESD) appeals from a judgment of the district court dismissing, for want of jurisdiction, ESD’s appeal of an order of the bankruptcy judge. For reasons set forth below, we reverse the decision of the district court and remand the case for further proceedings.
 

 On or about January 26, 1976, ESD filed a claim in bankruptcy against W. F. Hurley, Inc., to cover unemployment compensation contributions due on wages paid by Hurley in the first quarter of 1975. The claim comprised unpaid principal of $1,020.03 and interest in the sum of $9.18. On April 14, 1976, the trustee for the bankrupt estate of W. F. Hurley, Inc., indicated that he intended to allow ESD’s claim in full as a priority claim. Hearings were held on outstanding claims from April 26-28,1976; ESD did not attend. On May 6, 1976, the bankruptcy judge entered an order denying ESD’s claim, on the basis that the interest charged was usurious.
 
 [1]
 
 ESD did not appeal this order.
 

 
 *394
 
 On May 19, 1976, ESD filed with the bankruptcy judge a motion to reconsider its claim.
 
 See
 
 Rule 307, Rules of Bankruptcy Procedure. On October 26, 1976, the bankruptcy judge denied the • motion on two grounds: untimeliness (the bankruptcy judge citing Rule 812, Rules of Bankruptcy Procedure) and the absence of any new facts or applicable propositions of law in the motion. ESD appealed this order to the district court on November 1, 1976.
 

 In dismissing ESD’s appeal for want of jurisdiction, the district court treated that appeal as one from the May 6 order of the bankruptcy judge. So characterized, the appeal was clearly untimely. Rule 802(a) of the Rules of Bankruptcy Procedure provides that notice of appeal must be filed with the referee (i. e., bankruptcy judge) within ten days of the entry of the judgment or order appealed from.
 
 [2]
 
 The motion to reconsider did not toll the running of this period (see Rule 802(b)) because it was filed after the ten-day period expired. However, the district court’s finding of untimeliness and consequent lack of jurisdiction is beside the point, as ESD appealed the denial of its motion to reconsider, not the prior underlying order. Whether appellate review for such a denial is available in the district court constitutes the critical issue in this case, but the district court did not really address that issue.
 

 1.
 

 Initially, we confront a problem of our own jurisdiction in this case. ESD’s present appeal to this court lies not from the judgment of the district court but rather from that court’s denial of its motion for a new trial, made pursuant to Fed.R.Civ.P. 59(a). Generally, an order denying a motion for a hew • trial is not appealable as such.
 
 Pfister v. Northern Illinois Fin. Corp.,
 
 317 U.S. 144, 149-50, 63 S.Ct. 133, 87 L.Ed. 140 (1942);
 
 Jones v. Thompson,
 
 128 F.2d 888 (8th Cir. 1942). However, ESD clearly intended to appeal from the underlying judgment dismissing its appeal to the district court, and both parties have addressed themselves to the merits of that judgment. Under these circumstances, we will treat the appeal, which is timely under Fed.R.App.P. 4(a), as being from the judgment of dismissal. See
 
 Foman
 
 v.
 
 Davis,
 
 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962);
 
 Gajewski v. Stevens,
 
 346 F.2d 1000 (8th Cir. 1965)
 
 (per
 
 curiam).
 
 Cf. Bankers Trust Co. v. Mallis,
 
 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978)
 
 (per
 
 curiam) (technical requirements of Fed.R.Civ.P. 58 waived where appellee not prejudiced). Thus, we have jurisdiction under 28 U.S.C. § 1291 (1976).
 

 II.
 

 Rule 307 of the Rules of Bankruptcy Procedure provides as follows:
 

 A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. If the motion is granted, the court may after hearing on notice make such further order as may be appropriate.
 

 As the district court observed, Rule 307 says nothing about the time within which reconsideration must be requested. The Advisory Committee’s Note to Rule 307 and the decisional law make it clear, however, that reconsideration may be requested at any time so long as the bankruptcy court retains control of the case. Courts have specifically recognized that relief is available under Rule 307 after the time to appeal from a particular order of the bankruptcy judge has expired.
 
 In re Minskoff-Dorman Co.,
 
 444 F.2d 516 (9th Cir. 1971)
 
 (per curiam); Wright v. Board of Public Instruction,
 
 142 F.2d 577 (5th Cir. 1944),
 
 cert. denied,
 
 326 U.S. 737, 66 S.Ct. 47, 90 L.Ed. 440 (1945);
 
 In re Jayrose Millinery Co.,
 
 19 F.Supp. 1013
 
 *395
 
 (S.D.N.Y.),
 
 modified on other grounds,
 
 93 F.2d 471 (2d Cir. 1937).
 
 [3]
 

 Reconsideration under Rule 307 is discretionary with the bankruptcy court. This follows not only from the wording of the rule (amplified by the Advisory Committee’s Note) but also from the overall statutory scheme. If reconsideration were a matter of right, the finality sought to be established by the strict time limits of Rule 802 would be illusory.
 
 See In re El Dorado Ice & Coal Co.,
 
 290 F. 180, 181 (8th Cir. 1923). Although Rule 307 gives little guidance to the bankruptcy judge in the exercise of this discretion, informality is permissible: the court may decline to reconsider an order without notice to any adverse party and without affording a hearing to the movant.
 
 See
 
 Advisory Committee’s Note to Rule 307, Rules of Bankruptcy Procedure; 12
 
 Collier on Bankruptcy
 
 ¶ 307.02 (14th ed. 1976).
 

 Few decisions have addressed either the reviewability of a Rule 307 motion or the standards for such review. This court, however, has addressed the latter issue in a case decided under the statutory predecessor of Rule 307.
 
 In re El Dorado Ice & Coal Co., supra,
 
 290 F. 180. In that case, a dissatisfied party filed a “petition for reconsideration and rejection of [a] claim” with the referee after the district court had confirmed the referee’s order of allowance. The referee refused to allow the filing of this petition, holding that he was without jurisdiction to act on it. The dissatisfied party then filed a petition in district court, requesting leave to file its petition for reconsideration. The' district court entertained the matter on the merits; it held a hearing and then entered an order denying the petition to reconsider.
 

 On appeal, this court stressed that petitions for reconsideration are submitted to the sound discretion of the court. Specifically reserving the question of whether the exercise of such discretion could be reviewed, the appellate court concluded that the district court committed no abuse of discretion in that case. The court noted that questions of law raised by the petition had been presented earlier to the referee and the district court when both allowed the challenged claim, and that no new evidence had been offered to change the application of relevant legal principles.
 

 The District Court for the Eastern District of New York reached a similar if somewhat more ambiguous result in
 
 In re Woodley Men’s Shop,
 
 46 F.Supp. 827 (E.D.N.Y.1942),
 
 aff’d on other grounds sub nom. Goldstein v. Wolfson,
 
 132 F.2d 624 (2d Cir. 1943)
 
 (per
 
 curiam). There the dissatisfied trustee, having failed to petition for review of the referee’s order, filed a petition for reconsideration. The referee denied the petition on the merits, and the trustee appealed to the district court. Adverse claimants appearing before the district court urged that the petition for review be dismissed, arguing that the referee’s order was not reviewable. The court held that reconsideration is warranted only when important new circumstances or facts have come to light. Concluding that no such facts or circumstances had been alleged and thus that the trustee had not abused his discretion, the court dismissed the petition for review.
 

 These cases establish “abuse of discretion” as the appropriate standard of review for denials of Rule 307 motions, but they leave open the issue of reviewability itself. Courts in the Second Circuit have expressly held denials of petitions for reconsideration to be reviewable.
 
 In re Jayrose Millinery Co.,
 
 93 F.2d 471 (2d Cir. 1937) (district court’s denial of reconsideration is appealable as of right);
 
 In re Soya Products Co.,
 
 112 F.Supp. 94 (S.D.N.Y.1953) (referee’s denial of reconsideration may be reviewed by district court). This conclusion is bolstered by analogous authority that the denial of postjudgment relief under Fed.R.
 
 *396
 
 Civ.P. 60(b) is appealable, although such an appeal does not bring up the underlying judgment for review.
 
 [4]
 

 Browder v. Director, Ill. Dept. of Corrections,
 
 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978);
 
 Kansas City Southern Ry. Co. v. Great Lakes Carbon,
 
 595 F.2d 431 (8th Cir. 1979)
 
 (per
 
 curiam);
 
 Lang v. Wyrick,
 
 590 F.2d 257 (8th Cir. 1978). Thus, a party whose motion for reconsideration has been denied by the bankruptcy judge may appeal to the district court.
 

 III.
 

 Having concluded that a bankruptcy judge’s denial of a motion for reconsideration is reviewable by the district court and that the applicable standard of review is whether the bankruptcy judge abused his discretion, it remains for us to fashion relief in this case. Appellee argues that, because ESD’s motion advanced no reason for reconsideration sufficient to make out a claim under Fed.R.Civ.P. 60(b), denial of that motion by the bankruptcy judge could not have been an abuse of discretion. Accordingly, the judgment below should be affirmed.
 
 Cf. McLeod v. Boone,
 
 91 F.2d 71 (9th Cir. 1937) (upholding a district court’s dismissal for lack of jurisdiction of a petition for review). Having reviewed the record, however, we are unable to agree. We note that ESD has in effect alleged mistake, inadvertence, surprise or excusable neglect in its failure to appear at the hearing on outstanding claims or to appeal the resulting order.
 
 See
 
 Fed.R.Civ.P. 60(b)(1). We note further that the bankruptcy judge erred in holding that he lacked jurisdiction over the motion to reconsider.
 
 [5]
 
 This error may have affected his determination on the merits.
 

 The issue of whether the bankruptcy judge abused his discretion in denying reconsideration remains for the district court to decide in the first instance.
 
 Cf. Rosenbaum v. Dutton,
 
 203 F. 838 (8th Cir. 1913) (district court had improperly affirmed referee’s denial of reconsideration; case remanded so that the court could pass upon the merits). Accordingly, we reverse the decision of the district court and remand for proceedings consistent with this opinion.
 

 [1]
 

 . Article 19, § 13 of the Arkansas Constitution provides as follows:
 

 Usury
 
 — Legal
 
 Rate.
 
 — All contracts for a greater rate of interest than ten percent per annum shall be void, as to principal and interest, and the General Assembly shall prohibit the same by law[.]
 

 ESD is authorized by Arkansas statute to charge interest of one percent per month on unpaid employer contributions. Ark.Stat.Ann. § 81-1117(a) (1979 Supp.). Apart from the question of whether this authorization is gov-emed by Arkansas’ constitutional usury provision, we note that the statute was not applied in this case. The effective rate of interest charged by ESD on Hurley’s unpaid principal between March 31, 1975 (end of first quarter) and January 26, 1976, amounts to 0.1 percent per month or 1.2 percent per annum — clearly not a usurious charge. Regrettably, this fact was neither raised before the bankruptcy judge nor called to the attention of the district court judge on appeal.
 

 [2]
 

 . Appellant argues that this period should be extended by three days because the bankruptcy judge’s order of May 6 was mailed to it.
 
 See
 
 Fed.R.Civ.P. 6(e). This contention is meritless.
 
 See Goff v. Pfau,
 
 418 F.2d 649, 654 (8th Cir. 1969) (per curiam), cert.
 
 denied,
 
 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97 (1970); Rule 906(e), Rules of Bankruptcy Procedure; and the Advisory Committee’s Note to Rule 906(e).
 

 [3]
 

 . Contrary to the holding of the bankruptcy judge in denying ESD’s motion to reconsider, Rule 812 of the Rules of Bankruptcy Procedure does not impose a ten-day limit on Rule 307 motions. Rule 812 governs motions for rehearing by the district court, not motions for reconsideration.
 

 [4]
 

 . Fed.R.Civ.P. 60(b) is made applicable to bankruptcy cases by Rule 924 of the Rules of Bankruptcy Procedure. Rule 60(b) supplies the applicable standards for reconsideration of claims by a bankruptcy judge after the time for appeal from the underlying order has elapsed.
 
 See
 
 12
 
 Collier on Bankruptcy
 
 II 307.04[4] (14th ed. 1976).
 

 [5]
 

 .
 
 See
 
 note 2
 
 supra.