EDITH H. JONES, Circuit Judge:
These appeals filed by the Chapter 13 debtor challenge the district court’s affirmance of a bankruptcy court order refusing to reconsider its allowance of appellees’ proofs of claim in Colley’s bankruptcy. The issues being identical, and the facts similar, we dispose of them together and AFFIRM.
Although old bankruptcy cases, like old soldiers, never die, we shall endeavor to put this one at rest. The disputes between these creditors and Colley originated in 1980 in a state court action against Colley and a co-débtor Cynthia McBee d/b/a Oak Hills Gun Shop to collect debts owed by them. McBee almost immediately filed a Chapter 11 bankruptcy proceeding. The creditors succeeded in winning state court judgments and orders of attachment covering real property owned by Colley on the *1010 basis that he had obtained their money under false pretenses. Tex.Civ.Prac. & Rem.Code § 61.002(9) (Vernon 1986). Colley thereupon filed for Chapter 13 relief in 1982. Appellees litigated their respective lien positions on the gun shop inventory, in the McBee bankruptcy, up to the Fifth Circuit. In re McBee, 714 F.2d 1316 (1983). After eventually resolving this portion of their claims in the McBee proceeding, the creditors returned to Colley’s bankruptcy and asserted that the remainder of their claims were fully secured by virtue of their attachment liens. Colley objected to their proofs of claim, questioning the calculations of principal, interest and attorneys’ fees asserted by each of the creditors, as well as their rights under the writs of attachment. On May 16, 1985, following a trial on the merits, the bankruptcy judge rejected Colley’s position and allowed the claims of National Bank of Texas and West Texas Wholesale Supply in full.
Rather than appeal the May 16 orders, Colley filed motions for reconsideration in July, 1985, which were heard by the bankruptcy court in November of that year. Colley’s grounds for reconsideration were not materially different from those contained in his original objection to the creditors’ proofs of claim,[1] and the bankruptcy court denied reconsideration. This appeal followed.
We have jurisdiction to consider the district court’s order denying reconsideration pursuant to 28 U.S.C. § 158(d). See In re W.F. Hurley, Inc., 612 F.2d 392 (8th Cir.1980). We review the bankruptcy court’s ruling on the motion to reconsider under the abuse of discretion standard. Id.
The bankruptcy court has power to reconsider the allowance or disallowance of proofs of claim “for cause”. 11 U.S.C. § 502(j); Bankruptcy Rule 3008. As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court’s discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved. If reconsideration is granted, the court may readjust the claim in any fashion “according to the equities of the case.” 11 U.S.C. § 502(j).
The court’s broad discretion should not, however, encourage parties to avoid the usual rules for finality of contested matters. Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60 into all matters governed by the Bankruptcy Rules except, inter alia, “the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)____” We interpret Rule 9024 to provide that, when a proof of claim has in fact been litigated between parties to a bankruptcy proceeding, the litigants must seek reconsideration of the bankruptcy court’s determination pursuant to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim. The elaboration of Section 502(j)’s requirement of “cause” for reconsideration by the Rule 60 criteria substantially eliminates the “tension with the right of an appeal from an erroneous final order.” 3 Collier on Bankruptcy (15th ed.) ¶ 502.10 at 502-107. See also In re W.F. Hurley, Inc., supra.
In this case, whether the bankruptcy court applied the test embodied in Rule 60(b) in ruling on reconsideration of appellees’ claims is not clear. It is obvious that Colley did not feel himself so bound and his “Motions for Reconsideration”, as noted, are almost entirely a rehash of his original objections to the claims. He did not explicitly or implicitly assert fraud, newly discovered evidence, mistake, inexcusable neglect, or any of the other matters pertinent to a Rule 60(b) motion. He did not even generally assert “cause” for reconsideration under § 502(j). As Colley did not even get his foot in the door for purposes of *1011 reconsideration, the district court was well within its discretion to deny that relief.[1]
[2]
AFFIRMED.

. The only entirely new issue he raised questioned the interest calculation by NBT, and this information was available from the outset of his objection.

. Colley argues in a supplemental brief that the judgments of the bankruptcy court allowing the claims of appellees were not embodied in a separate document as required by Federal Rule of Civil Procedure 58, and Bankruptcy Rule 9021. He therefore urges us to consider his contest of the claims on the merits. We do not agree with this contention. See InterFirst Bank Dallas v. Federal Deposit Insurance Corp., 808 F.2d 1105 (5th Cir.1987).