**In re James MATHIASON & Gladys Mathiason, Debtors.**

**Mark C. HALVERSON, Trustee for the Bankruptcy Estate of James and Gladys Mathiason, Appellant,**

v.

**ESTATE OF Earl R. CAMERON, Appellee.**

Civ. No. 4–91–820.
Bankruptcy No. 3–86–2340.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 18, 1992.

---

Marc C. Halverson, Halverson & Associates, Mankato, MN, for appellant.

James E. Kerr, Irons & Kerr, Tracy, MN, Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, for appellee.

## ORDER

DOTY, District Judge.

This matter is before the court on an appeal from an order of the bankruptcy court dated September 6, 1991. Based on a review of the file and record herein, the court affirms the order of the bankruptcy court.

## BACKGROUND

The facts underlying the issues and proceedings leading to this appeal are fully set forth in the bankruptcy court's order dated June 10, 1991, and in the parties' memoranda submitted in support of this appeal.[1] The court thus summarizes only those facts that are necessary to resolve the questions presented in the Trustee's appeal.

On December 21, 1985, the appellee ("Cameron"), the Estate of Earl R. Cameron, obtained a general judgment against James Mathiason, his son Glen Mathiason and Mathiason Farms, Inc. Cameron docketed the lien on February 10, 1986. On August 29, 1986, James and Gladys Mathiason ("debtors") filed for bankruptcy under Chapter 7 of the Bankruptcy Code. On February 27, 1990, Cameron filed its proof of claim with the bankruptcy court in amount of approximately $81,000. Cameron asserted that its claim was secured by the judgement lien it docketed in February 1986.

In the summer of 1990, the Trustee sold eighty acres of land owned by the debtors. The Trustee realized $88,000 from the sale. Cameron asserted lien rights against the proceeds from the sale based on its docketed

---

1. In the interest of rendering a just resolution in this matter, the court has considered all of the memoranda and documents submitted by the parties in support of their arguments. Therefore, the court denies the appellee's requests that it not consider certain portions of the appellant's submissions.

judgment lien. On February 19, 1991, Farm Credit Bank of St. Paul ("FCB"), an unsecured creditor of the Mathiason estate and the estate's only other creditor, filed a motion objecting to the bankruptcy court's allowance of Cameron's claim as a secured claim. FCB contended that the bankruptcy court should rule that Cameron's claim is unsecured.[2] The Trustee joined FCB in that objection.

On June 10, 1991, the bankruptcy court denied the objection of the FCB and the Trustee to classifying Cameron's claim as a secured claim and ruled that the claim covered all of the proceeds from the sale of the eighty acres. *In re Mathiason,* 129 B.R. 173, 177 (Bankr.D.Minn.1991). On August 9, 1991, the Trustee moved the bankruptcy court to determine the extent of Cameron's lien, surcharge collateral and authorize the distribution of funds. With respect to his request that the court determine the extent of Cameron's lien, the Trustee argued that Cameron's claim could only attach to James Mathiason's one-half interest in the proceeds from the sale of the eighty acres and not Gladys Mathiason's one-half interest as a joint tenant in that land because Cameron's judgment lien did not reach Gladys Mathiason.

On September 6, 1991, the bankruptcy court denied each of the Trustee's requests. *In re Mathiason,* Bankr. No. 3–86–2340 (Bankr.D.Minn. Sept. 6, 1991). The bankruptcy court treated the portion of the Trustee's motion to determine the extent of Cameron's lien as a motion for reconsideration of its June 10, 1991, order and it denied the motion. *See* Transcript of August 23, 1991, Hearing on Trustee's Motion at p. 33–34. The court ruled that the Trustee waived his right to contest the issue because he never raised it in any prior proceeding concerning the lien. *Id.* The court also denied the Trustee's surcharge motion, finding that it did not meet the requirements of the statute governing such a surcharge. *Id.* at 35–36.

The Trustee now appeals the bankruptcy court's September 6, 1991, ruling. In a long and sometimes unwieldy discussion, the Trustee proffers numerous arguments in support of his assertion that the bankruptcy court erred in denying his request to determine the extent of Cameron's lien. The Trustee also proffers numerous arguments in support of his assertion that the bankruptcy court did not have cause to deny his motion to surcharge collateral.

## DISCUSSION

### 1. Extent of the Secured Creditor Lien

The Trustee, in his memorandum in support of his appeal, seemingly urges the court to review the merits of the bankruptcy court's determination that Cameron's secured claim encompasses both James and Gladys Mathiason's interest in the proceeds from the sale of the eighty acres of land. That issue, however, is not the issue before the court. Rather the issue before the court is whether the bankruptcy court erred in not reconsidering its ruling regarding the extent of Cameron's secured claim.

Whether the bankruptcy court erred in denying the Trustee's motion for reconsideration is reviewed under the abuse of discretion standard. *In re Cleanmaster Indus., Inc.,* 106 B.R. 628, 630 (Bankr. 9th Cir.1989) (citing *In re Colley,* 814 F.2d 1008, 1010 (5th Cir.1987), *cert. denied,* 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987); *In re W.F. Hurley,* 612 F.2d 392, 395 (8th Cir. 1980)).

The Trustee's motion for reconsideration is governed by 11 U.S.C. § 502(j). Section 502(j) provides that:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case . . .

11 U.S.C. § 502(j); *see also* Bankruptcy Rule 3008 (implementing § 502(j)). The Trustee contends that reconsideration is warranted because the bankruptcy court erred in determining that Cameron's lien reached all of the

---

**2.** FCB also objected to Cameron's application for attorney's fees from the Mathiason bankruptcy estate. The court denied Cameron's application

for attorneys' fees from the estate. *See In re Mathiason,* 129 B.R. 173, 178 (Bankr.D.Minn. 1991). That ruling is not an issue on appeal.

proceeds from the sale of the eighty acres of land and because it was not clear to the parties that the extent of Cameron's lien was at issue prior to raising the issue in his motion filed on August 9, 1991.

After reviewing the file, record and proceedings in the bankruptcy court, the court finds that the arguments the Trustee offers do not support the conclusion that the Trustee would have the court reach. Further, the court finds that the Trustee proffered no extraordinary circumstance that would warrant that the bankruptcy court reconsider its June 10, 1991, order. The court thus finds that the bankruptcy court did not abuse its discretion in denying the Trustee's motion for reconsideration on the extent of Cameron's secured claim. Accordingly, the court affirms the bankruptcy court's ruling on the extent of Cameron's secured claim.

### 2. Surcharge Motion

The Trustee contends that the bankruptcy court erred in declining to rule on his surcharge motion brought pursuant to 11 U.S.C. § 506(c).[3] In particular, the Trustee contends that the court erred in ruling that he could not base his claim for attorneys' fees and expenses under § 506(c) on his court-approved contingency fee contract with the bankruptcy estate. In both its June 10, 1991, order and at the hearings on the Trustee's surcharge motion, the bankruptcy court stated that the Trustee might be entitled to some fees and expenses payable out of the proceeds to which Cameron's lien attached, but the amount of fees and expenses owed, if any, would only be based on the factors set forth in § 506(c) and not on the Trustee's contingency fee contract with the bankruptcy estate. See In re Mathiason, 129 B.R. 173, 177 (Bankr.D.Minn.1991); Transcript of August 23, 1991, Hearing on Trustee's Motion, p. 35. The bankruptcy court further stated that it would entertain a surcharge motion based on the factors set forth in § 506(c). See Transcript of August 23, 1991, Hearing on Trustee's Motion, p. 35.

**3.** Section 506(c) provides:
The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or

■ Generally, the bankruptcy court's findings of fact will not be set aside unless clearly erroneous and its application of the law to the facts is reviewed *de novo*. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987). Although he does not so state, the Trustee apparently contends that the issues underlying his surcharge motions are questions of law, and therefore, the court must review the bankruptcy court's rulings on his surcharge motion *de novo*.

■ The court disagrees. A § 506(c) surcharge enables the Trustee to recover reasonable and necessary costs and expenses to the extent that Cameron has benefitted from them. The determination of whether compensation is appropriate under § 506(c) rests in the discretion of the bankruptcy court and involves a question of fact which is reversible only if clearly erroneous. *In re Senior G & A Operating Co.*, 118 B.R. 444, 448 (Bankr.W.D.La.1990) ("Whether expenses are reasonable, necessary and have benefitted the secured party rests with the sound discretion of the trial judge and involves a question of fact which is reversible only if clearly erroneous." (citations omitted)); *Radtke Heating and Sheet Metal Co. v. State Bank of Cherry*, 103 B.R. 932, 935 (N.D.Ill.1989) ("Whether a court should allow compensation under Section 506(c) depends upon the facts of each particular case." (citation omitted)). Cameron need only pay expenses that the Trustee can prove satisfy the dictates of § 506(c), regardless of any prior fee arrangements. *See In re Brown Bros., Inc.*, 136 B.R. 470, 473–475 (W.D.Mich. 1991) (bankruptcy court did not abuse its discretion in vacating the contingency agreement because "the creditor has a duty to pay only to the extent that the expenses satisfy the requirements of 11 U.S.C. § 506(c), regardless of the type of fee arrangement made." (citations omitted)); *cf. In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir.1983) (contingency agreement enforceable only to the extent it represents a reasonable value of the services rendered).

disposing of, such property to the extent of any benefit of the holder of such claim.
11 U.S.C. § 506(c).

After reviewing the file, record and proceedings in the bankruptcy court, the court concludes that the bankruptcy court's denial of the Trustee's motion for surcharge is not clearly erroneous. The Trustee proffered no evidence demonstrating that the fees he requested under § 506(c) are reasonable. The court thus affirms the bankruptcy court's denial of the Trustee's surcharge motion.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Mark C. Halverson's appeal is denied; and

2. The order of the United States Bankruptcy Court dated September 6, 1991, is affirmed in all respects.

