16 F.3d 1229
 73 A.F.T.R.2d 94-1175
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Joseph F. PORTER; Norma Jean Porter, Appellants.
UNITED STATES OF AMERICA, Appellee,
v.
Joseph F. PORTER; Norma Jean Porter, Appellants.
 Nos. 93-2576, 93-2046.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 29, 1993.
Filed: January 31, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these consolidated appeals, Joseph F. Porter and Norma J. Porter, Nebraska citizens, challenge the district court's[1] denial of their motion for new trial after the court entered judgment for the United States in this ejectment action. The Porters also appeal the district court's[2] denial of their motion to submit new evidence under Federal Rule of Civil Procedure 60(b)(2).
 
 
 2
 "Generally, an order denying a motion for a new trial is not appealable as such." In Re W.F. Hurley, Inc., 612 F.2d 392, 394 (8th Cir. 1980). Based on the brief, the Porters clearly intend to appeal from the grant of summary judgment, and the government argues that the grant of summary judgment was correct. Because the appeal is timely filed under Federal Rule of Appellate Procedure 4(a), we may treat the appeal as taken from the grant of summary judgment. See id. We review de novo the ruling on a motion for summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1990).
 
 
 3
 To establish a cause of action for ejectment in Nebraska, the government must show that it has a legal estate and a right of possession and that the property is being unlawfully detained by defendants. See Neb. Rev. Stat. Sec. 25-2124; K & K Farming, Inc. v. Federal Intermediate Credit Bank, 468 N.W.2d 99, 102 (Neb. 1991). Title 26 U.S.C. Sec. 6335(a) and (b) require the government to give notice of seizure and sale to the owner of the property or to leave notice at his usual place of abode or business if these places are within the Internal Revenue Service district where the property is seized.
 
 
 4
 The Porters argue that the government did not comply with the service requirements of section 6335 and that the government seized property which the Porters did not own, occupy, or possess. In his declaration, Internal Revenue Service Officer Louis Sangis stated that he left the notices of seizure at the Porters' home, that he personally served Mrs. Porter at her workplace, and that he also left a copy of the notices there. Sangis personally served original sale notices to the Porters when they appeared in the Internal Revenue Service's Office in Norfolk, Nebraska. Revised notices of sale which changed the location of the sale were left at the Porters' personal residence and copies were mailed to them by regular and certified mail. The Porters offer no significant probative evidence to dispute this. Therefore, there exists no genuine issue of material fact as to whether the government complied with the notice requirements of section 6335.
 
 
 5
 Furthermore, if the Porters did not own, occupy, or possess one of the properties seized, they would lack standing to complain of the seizure. See Warth v. Seldin, 422 U.S. 490, 500 (1975) (plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief in the legal rights or interests of third parties). The district court therefore properly granted summary judgment.
 
 
 6
 The district court properly exercised its discretion in rejecting the Porters' Rule 60(b)(2) motion. The "new evidence" the Porters sought to introduce was either not relevant or was advanced to support frivolous arguments. See Hughes v. United States, 953 F.2d 531, 542-43 (9th Cir. 1992); United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987), cert. denied, 485 U.S. 1022 (1988).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska